UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

FILED
AUG 17 2016
CLERK

| | |
|---|---|
| GLENN AMBORT, HOLLIE TELFORD, and MARTI LUNDAHL,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, ALAN B. JOHNSON in his Individual Official Capacity, NENA JAMES in her Individual Official Capacity, JENNFIER TIDWELL in her Individual Official and Personal Capacities, ROCK SPRINGS HOUSING AUTHORITY, APRIL THOMPSON, GLOBAL E. LLC a/k/a/ Pioneer Park, ANN CLAYTON, JUFY CIRRILLO, DOES 1-10, CENTURYLINK, HOLLIE PORTILLO, O'KELLEY H. PEARSON, LAW OFFICE HICKEY AND EVANS LLP, and THOMAS DEERING,<br><br>Defendants. | 3:16-CV-03033-RAL<br><br>OPINION AND ORDER GRANTING IN PART MOTION TO PROCEED IN FORMA PAUPERIS AND REQUIRING SECOND AMENDED COMPLAINT |

On August 8, 2016, Plaintiff Glenn Ambort ("Ambort") filed a Complaint, Motion for Leave to Proceed In Forma Pauperis, and an accompanying Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). Docs. 1, 3. Ambort purported to be filing the Complaint as "assignee trustee" for Hollie Telford ("Telford") and Marti Lundahl ("Lundahl"). This Court had prepared an initial order, but before entering that order, a First Amended Complaint was filed naming Telford and Lundahl as plaintiffs and adding additional claims and defendants. Doc. 5. This Court grants Ambort's motion to proceed in forma

1

pauperis, screens the First Amended Complaint, and requires amendment of the First Amended Complaint to avoid dismissal without prejudice.

28 U.S.C. § 1915(a)(1) authorizes district courts to allow civil litigants to commence suit without prepayment of the filing fee. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis is committed to the court's discretion, Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983), and "does not require a litigant to demonstrate absolute destitution," Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). Based on the information filed in the Application, the Court finds that Ambort satisfies the requirements of § 1915(a)(1). Ambort is not a prisoner and is therefore not required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1), to make an initial partial filing fee or pay the filing fee in whole. However, neither Telford nor Lundahl filed an application or motion to proceed without prepayment of fees, so they are required to pay the filing fee and arrange service of the Complaint, unless this Court later rules otherwise.

28 U.S.C. § 1915(e)(2)(B) authorizes the dismissal of an in forma pauperis complaint "at any time" if it is determined that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. Pre-screening of cases under § 1915(e)(2)(B) is allowed in all in forma pauperis cases, regardless of whether or not the plaintiff is a prisoner. See Carter v. Bickhaus, 142 F. App'x 937 (8th Cir. 2005) (per curiam) (affirming dismissal of non-prisoner in forma pauperis plaintiff's claim under 28 U.S.C. § 1915(e)(2)(B), but allowing plaintiff to proceed through an amended habeas petition); Benter v. Iowa Dep't of Transp., 221 F. App'x 471 (8th Cir. 2007) (per curiam) (affirming dismissal of non-prisoner in forma pauperis plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) prior to service).

Ambort purported to bring the original complaint for Lundahl and Telford, contending that he is their "assignee trustee." Doc. 1. In the First Amended Complaint, Ambort purports to be "an aggrieved person . . . even if he is not a tenant . . . because he aided Plaintiffs Hollie [Telford] and Marti [Lundahl] in seeking protection of their rights." Doc. 5. This action appears to involve issues with Telford and Lundahl's low-income housing in Wyoming. 28 U.S.C. § 1654 grants each party to a case in the federal courts the right to "plead and conduct their own cases personally or by counsel." However, a non-lawyer may not represent another, except in the most limited of circumstances. See Jones v. Corr. Med. Servs., Inc., 401 F.3d 950, 952 (8th Cir. 2005) (non-lawyer probate estate administer may not bring cause of action under 42 U.S.C. § 1983 for deceased); Steele v. City of Bemidji, 257 F.3d 902, 905 (8th Cir. 2001) (non-lawyer may not represent business); Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) (non-lawyer trustee may not represent trust); Restatement (Third) of the Law Governing Lawyers § 4 cmt. d (2000) ("In general, however, a person appearing pro se cannot represent any other person or entity, no matter how close the degree of kinship, ownership, or other relationship."). In certain cases, a plaintiff may file suit in their own name on behalf of another. Fed. R. Civ. Pro. 17(a)(1) (noting that among others, "a guardian" may file suit "in their own name[] without joining the person for whose benefit the action is brought").

Ambort, Telford, and Lundahl are proceeding pro se, entitling their First Amended Complaint to a liberal construction. Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam). Even under a liberal construction, the First Amended Complaint does not allege that Ambort is a court appointed legal guardian of Lundahl or Telford, but asserts in the Complaint that Ambort is their "assignee trustee" with no elaboration on how he has such a role or what that role entails, and then asserts in the First Amended Complaint that he is aiding them in protecting

3

their rights. Docs. 1, 5. Because Ambort is not a lawyer, and Ambort's role does not appear to fall under any of the exceptions listed in Rule 17(a)(1) of the Federal Rules of Civil Procedure, he does not appear to be authorized to bring suit, pro se or otherwise, on behalf of Lundahl and Telford. Unauthorized practice of law is a crime in the state of South Dakota, so Ambort does need to be cautious in purportedly representing other parties in this state. See S.D. Codified Laws § 16-18-1. At minimum, a second amended complaint is necessary to explain how Ambort in any way can be a plaintiff here, such as whether he is somehow a court-appointed legal guardian of Lundahl and Telford. This Court grants until September 8, 2016 to file such a second amended complaint. Telford and Lundahl will have until that same date to pay the filing fee or seek in forma pauperis status. Otherwise, the First Amended Complaint will be dismissed without prejudice to refiling.

28 U.S.C. § 1391(b) proscribes the proper venue in which civil actions may be brought. As applicable to this case, a plaintiff may bring a civil action in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events . . . giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)–(2). Under § 1391(b)(1), Plaintiffs have sued individuals that purportedly reside in Wyoming and Nebraska, although Plaintiffs have alleged that the Department of Housing and Urban Development and a newly added Defendant, CenturyLink, reside in South Dakota. Docs. 1, 5. Under § 1391(b)(2) and based on the allegations of the First Amended Complaint, a "substantial part of the events" in this case occurred in Wyoming, not South Dakota. Doc. 5 at 2–6. Plaintiffs' First Amended Complaint currently does not allege facts to establish proper venue under either subdivision of § 1391(b) within the District of South Dakota.

4

When venue is improper, a court can transfer the case to the district in which the plaintiff originally could have filed. 28 U.S.C. § 1404(a). This case appears as if it should be transferred to the District of Wyoming, and it is highly unlikely that any amended complaint would change that likely outcome. Transfer of course may be moot if nothing is filed before September 8, 2016, and the case is dismissed without prejudice.

Therefore, it is hereby

ORDERED that the Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, is granted with respect to Ambort only. It is further

ORDERED that Plaintiffs may file a second amended complaint by September 8, 2016, clarifying if Ambort is a legal guardian of Lundahl and Telford or removing Ambort as a plaintiff. Any second amended complaint may allege why the District of South Dakota is the proper venue for this case. It is further

ORDERED that if no amended complaint is filed by September 8, 2016, or no filing fee payment is made or in forma pauperis application from Telford and Lundahl is filed by September 8, 2016, the First Amended Complaint will be dismissed without prejudice to refiling.

Dated August 17th, 2016.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE