

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| HOLLIE TELFORD, and BRENDA BURTON, <br><br> Plaintiffs, <br><br> vs. <br><br> DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, ALAN B. JOHNSON, NENA JAMES, IN HER INDIVIDUAL OFFICIAL OFFICIAL CAPACITY; JENNFIER TIDWELL, IN HER INDIVIDUAL OFFICIAL AND PERSONAL CAPACITIES; ROCK SPRINGS HOUSING AUTHORITY, APRIL THOMPSON, GLOBAL E LLC, ANN CLAYTON, JUDY CIRRILLO, DOES 1-10, CENTURYLINK, HOLLIE PORTILLO, O'KELLEY H. PEARSON, LAW OFFICE HICKEY AND EVANS LLP, THOMAS DEERING, IN HIS INDIVIDUAL AND OFFICIAL OFFICIAL CAPACITY; UNITED STATE OF AMERICA, DONALD THATCHER, EVA TAFOYA, HUD, <br><br> Defendants. | 3:16-CV-03033-RAL <br><br><br> ORDER CONCERNING EMERGENCY MOTIONS TO ADD PARTY AND SERVE DEFENDANTS |

On December 5, Plaintiffs Burton and Telford filed two "emergency" motions with this Court. First, an "Emergency Motion to Amend Second Amended Complaint to Add Inadvertently Omitted Defendant Micheal Stock to the Complaint Before the Service Deadline Passes on December 8, 2016," Doc. 21; and second, an "Emergency Motion for Permission to Serve Distant Private Party Defendants by Certified Mail, Electronic Return Receipt Requested Before Expiration of the Service Period on December 8, 2016, or in the Alternative, Direct the US Marshals to Serve Certain Defendants with Haste Before the Deadline," Doc. 22. Because this Court has conflicting

1

information from the Plaintiffs about the desired additional defendant and no good cause is shown to justify service in some way other than under Rule 4 of the Federal Rules of Civil Procedure, the Plaintiffs' motions are denied.

Plaintiffs first request that this Court allow amendment of the Second Amended Complaint, Doc. 11, to add an additional defendant that Plaintiffs indicate was inadvertently left off the case caption, Doc. 21 at 1. In the motion's caption, Plaintiffs indicate this defendant's name is "Micheal Stock;" in the motion's substantive text, Plaintiffs indicate this defendant's name is "Micheal Stulken." Doc. 21 at 1. As referenced in their motion, the Second Amended Complaint included reference to a defendant "Stulken" in the headings of the Fourth and Seventh causes of action. Doc 11 at 15, 26. The fourth cause of action heading reads: "Violations of the Titles II, II of the ADA against RSHA, Thompson, Portillo, GLOBAL, Clayton, CENTURYLINK, Stulken, Pearson, Hickey/Evans," and no further detail regarding Stulken's role in the cause of action is provided in the following paragraphs. Doc. 11 at 15. Similarly, in the seventh cause of action's second subset heading, Stulken is listed only once by name: "Defendants JOHNSON, JAMES, GLOBAL, CLAYTON, STULKEN GLOBAL And CENTURYLINK At Various Times Over The Past 2 Years Managed The Conduct Of The Enterprise And Participated In It's [sic] Affairs Through A Pattern Of Racketeering In Violation of § 1962(c)." Doc. 11 at 26. In the sentence immediately following the heading, the heading is repeated in substance, with no additional information provided regarding Stulken's role in the cause of action. Doc. 11 at 26.

Generally, leave to amend a complaint "shall be freely given when justice so requires." Fed R. Civ. P 15(a). A request for leave to amend should be granted, absent a good reason for denial, such as bad faith, undue prejudice, dilatory motive, or undue delay. See Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989). District courts always retain the discretion to grant or deny motions to amend complaints. See Forman v. Davis, 371 U.S. 178, 182 (1962) This Court recognizes that pro se filings are to be construed liberally, and that typographical errors in filings do not constitute bad

2

faith or undue prejudice  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); United State v. Butler, 594 F.3d 955, 961 (8th Cir. 2010).  However, in this instance, the lack of information in the Second Amended Complaint about the role of "Stulken," combined with the confusion over the proposed defendant's name—Micheal Stock or Micheal Stulken—lead the Court to deny Plaintiff's motion.

Federal Rule of Civil Procedure (8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," but it must be enough to "give the defendant fair notice of what the  . . claim is and the grounds upon which it rests," Bell Atlantic Corp. v. Twombly, 550 U.S  544, 555 (2007) (internal quotation removed).  While the proposed defendant might be given fair notice of what the claim is from the headings of the Second Amended Complaint, there is no way to construe the Second Amended Complaint as giving the proposed defendant notice of the grounds upon which the complaint against him rests.  Furthermore, the inconsistencies in the "emergency" motion offer doubt on the name of the individual to be added to the case caption. Micheal Stulken or Micheal Stock.  Plaintiffs remain free to file a subsequent motion seeking to amend their Second Amended Complaint that properly identifies the defendant to be added and gives the proposed defendant adequate notice of the claims against him and the grounds upon which the claims rest.

In Plaintiffs' first "emergency" motion, Plaintiffs also include a request "to drop three defendants from this action as proceeding before another court – to prevent duplicitious [sic] litigation " Doc. 21 at 2.  The Court is unable to rule on this request without the names of the defendants to be removed from the litigation.  Plaintiffs similarly remain free to file a subsequent motion seeking to amend their Second Amended Complaint that drops these defendants from the lawsuit.

Plaintiffs' second "emergency" motion requests that this Court file an order allowing Plaintiffs to serve three defendants via certified mail, electronic receipt requested.  Doc. 22 at 1.  Plaintiffs request this Court to order CenturyLink, O'Kelley H. Pearson, and the Law Office of

3

Hickey and Evans to receive process via certified mail. Doc. 22 at 3. Plaintiffs request this order because of alleged difficulties in serving these defendants in a prior lawsuit. Doc. 22 at 2 The Federal Rules of Civil Procedure allow a plaintiff to request that a defendant waive personal service and instead accept service of process via certified mail, return receipt requested. Fed. R. Civ. P. 4(d). However, the Rules only allow a plaintiff to request that a defendant waive process; a plaintiff is still responsible for personal service should the defendant refuse the request, although the plaintiff may be entitled to receive the return of reasonable expenses in making personal service after a refused waiver. Fed R. Civ. P. 4(d)(2). This Court cannot rewrite the Federal Rules of Civil Procedure to create different rules to permit actual service of process by certified mail. The Plaintiffs have not provided any information regarding why they are experiencing a delay in serving defendants with process that would require any relief from this Court. Plaintiffs are directed to follow the service of process requirements set out in Rule 4 of the Federal Rules of Civil Procedure.

In the alternative, Plaintiffs' second "emergency" motion requests this Court file an order directing the U.S. Marshals in Cheyenne, Wyoming to personally serve the three named defendants Under Rule 4(c)(3) of the Federal Rules of Civil Procedure, a "court may order that service be made by a United States marshal," and it "must so order if the plaintiff is authorized to proceed in forma pauperis." Plaintiffs have previously applied to proceed in forma pauperis in this case, Docs. 12, 13, but this Court denied that application, Doc. 14. Therefore, this Court is under no obligation to order the U S. Marshals to complete the process service. Plaintiffs have provided no additional reasons for this Court to believe ordered service by U.S Marshals is required

Finally, this Court wants to address a statement made in the Plaintiffs' second emergency motion that they plan to "personally serv[e] the remainder private party defendants in close proximity to plaintiffs and those services will be videotaped to avoid denial thereof." Doc. 22 at 2. Although Plaintiffs' intent is unclear from the statement, this Court directs Plaintiffs to Rule 4(c)(2) of the Federal Rules of Civil Procedure, which prohibits service of process by a party to a lawsuit

Therefore, it is hereby

ORDERED that Plaintiffs' "emergency" motion to amend the second amended complaint to add a party, Doc. 21, is denied. It is further

ORDERED that Plaintiffs' request to dismiss three defendants from the case is hereby denied without prejudice to refiling. It is further

ORDERED that Plaintiffs' "emergency" motion for permission to serve CenturyLink, O'Kelley H. Pearson, and the Law Office of Hickey and Evans, Doc. 22, is denied. It is finally

ORDERED that Plaintiffs' alternative emergency motion to direct the U.S. Marshals to serve defendants, Doc. 22, is denied.

DATED this 8th day of December, 2016.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE