IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |  |
|---|---|---|
| **BRENDA BURTON** and **HOLLIE TELFORD,** | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 16-CV-3033 |
| **UNITED STATES OF AMERICA, ALAN B. JOHNSON, NENA JAMES AND THOMAS DEERING IN THEIR INDIVIDUAL OFFICIAL CAPACITIES, ROCK SPRINGS HOUSING AUTHORITY, APRIL THOMPSON, GLOBAL E, LLC AKA PIONEER PARK, ANN CLAYTON, JUDY CIRILLO, CENTURYLINE, HOLLIE PORTILLO, O'KELLEY H. PEARSON, LAW OFFICE OF HICKEY AND EVANS, LLP, DONALD THATCHER, EVA TAFOYA, HUD, AND DOES 1-10,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**GLOBAL E, LLC AKA PIONEER PARK'S, ANN CLAYTON'S, AND JUDY CIRILLO'S MOTION TO DISMISS PURSUANT TO W.R.C.P. 12(b)(2), (b)(3), and (b)(5)**

COME NOW, Global E, LLC AKA Pioneer Park, Ann Clayton, and Judy Cirillo, entering specially and not consenting to the personal jurisdiction of this Court, by and through their attorneys, Jamie L. Damon, local counsel, and Michael Stulken, admitted *pro hac vice*, and for their Motion to Dismiss Pursuant to W.R.C.P. 12(b)(1), (b)(2), (b)(3), and (b)(5), they provide as follows:

**FACTS RELEVANT TO THE INSTANT PROCEEDINGS**

1. Plaintiff Hollie Telford currently resides at 935 Wilderness Trail, Green River, Wyoming.

2. In March of 2015, Defendant Global E, LLC AKA Pioneer Park (hereinafter "Pioneer Park") obtain a Judgment of Restitution from the Circuit Court of the Third Judicial District Within

and For Sweetwater County, Wyoming. Said Judgment of Restitution is attached hereto as Exhibit "A" and is incorporated herein by this reference.

3. Said Judgment of Restitution resulted from a favorable verdict for Pioneer Park in an eviction jury trial. Said Judgment of Restitution also directed that Plaintiff Telford remove herself from the premises located at 935 Wilderness Trail, Green River, Wyoming pursuant to Wyoming Law.

4. Plaintiff Telford then attempted to appeal said Judgment of Restitution.

5. In May of 2015, Pioneer Park filed a Motion to Dismiss the appeal of the Judgment of Restitution.

6. In January of 2016, the appeal Court dismissed the appeal. A decision letter evidencing the same is attached hereto as Exhibit "B" and is incorporated herein by this reference.

7. Plaintiff Telford has not appealed Exhibit "B" to any other Court.

8. Plaintiff Telford also sought to remove her appeal of the Judgment of Restitution to the Federal District Court for the District of Wyoming.

9. Plaintiff Telford was unsuccessful in doing so, as is evidenced by the Order for Remand from the Federal District Court for the District of Wyoming, which is attached hereto as Exhibit "C" and which is incorporated herein by this reference.

10. Plaintiff Telford then attempted to appeal the terms of the Order for Remand to the 10th Circuit Court of appeals, which was also unsuccessful. Orders evidencing the same are attached hereto collectively as Exhibit "D" and are incorporated herein by this reference.

11. Plaintiff Telford also attempted to reinstate her original appeal of the Judgment of Restitution that was dismissed as is described hereinabove. This was unsuccessful, as is evidenced by an order attached hereto as Exhibit "E" and which is incorporated herein by this reference.

12. Plaintiff Telford has filing restrictions in the District Court for the District of Wyoming, as is evidenced by Exhibit "F", which is attached hereto and which is incorporated herein by this reference.

13. The Defendants named in this motion have been concerning themselves with Ms. Telford for nearly three years now.

14. During that time, Ms. Telford has sued these Defendants several times in several Courts, all which have been unsuccessful.

15. During this time as well, and during all times in which Ms. Telford was attempting to fight the underlying eviction herein, Ms. Telford never did mention the name "Brenda Burton." The pleadings filed in this case indicated the first time that Ms. Telford referenced a "Brenda Burton". As a matter of fact, in the eviction proceedings that underlie this case, Plaintiff Telford claimed that a Kimberly Vogt owned the mobile home that is a subject of the instant proceedings. As is evidenced by Exhibit "A" attached hereto, Ms. Burton was not a party to the State Court eviction proceedings.

16. Marti Lundahl served the instant summons and complaint upon Defendant Global E, LLC, as is evidenced by an affidavit of Ann Clayton attached hereto and which is incorporated herein by this reference.

17. The other Defendants named herein were "served" by someone shoving summonses and complaints in a drop box, as is evidenced by an affidavit of Ann Clayton attached hereto and which is incorporated herein by this reference.

18. All allegations contained in the Second Amended Complaint concern alleged activities that purportedly occurred entirely in the State of Wyoming.

19. All activities related to this case occurred wholly within the State of Wyoming, and this case is a simple eviction matter involving property that is located in Green River, Sweetwater County, Wyoming.

20. The Plaintiffs do not allege that the Defendants to this suit have any connection to or contacts with the State of South Dakota.

21. As a matter of fact, the Plaintiffs state that the Pioneer Park is a resident of the State of Colorado and that the other Defendants to this motion are residents of the State of Wyoming. *Plaintiffs' Complaint, paragraphs 11-12*.

22. As is evidenced by the affidavits attached hereto collectively as Exhibit "G", none of the Defendants to this lawsuit have any contacts with the State of South Dakota.

## LEGAL ARGUMENT AND AUTHORITY

**I.     THIS COURT IS NOT THE APPROPRIATE VENUE FOR THIS MATTER, AND THEREFORE IT SHOULD BE DISMISSED PURSUANT TO 28 U.S.C. 1391 AND FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2).**

28 U.S.C. 1391 governs venue for all civil actions brought in the Federal District Courts. Paragraph (b) of said statute provides that a civil action may be brought in Federal District Court in one of three scenarios: (1) In a judicial district in which the Defendant resides, if all Defendants are residents of the State in which the District was located; (2) In a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) If there is no district in which an action may be otherwise brought as is provided in said section of the United States Code, any judicial district in which any Defendant is subject to the court's personal jurisdiction with respect to such action. The Eighth Circuit has provided that venue requirements exist for the benefit of the Defendants, and that one of the central purposes of statutory venue is to ensure that a Defendant is not haled into a remote district, having no real relationship to the dispute. *Richards v. Aramark Services, Inc.*, 108 F.3d 925, 928 (8th Cir. 1997)(internal citations omitted). A quick run-down of the actual facts and circumstances of this case, then, will provide that this case should be dismissed because this Court lacks venue.

4

First, as to factor one. The Plaintiffs' Second Amended Complaint provides that this first factor in 28 U.S.C. 1391(b) cannot be utilized as a basis for having venue in this Court. The Plaintiffs state, at paragraphs 11 and 12 of their Second Amended Complaint, that Pioneer Park is a resident of the State of Colorado and that the remaining Defendants in this motion are residents of the State of Wyoming. Without even taking into consideration, then, the remaining Defendants to this action, the differing states of residence as alleged even in the Plaintiffs' Second Amended Complaint just as to the Defendants that are the subject of this action are not residents of the State of South Dakota, and the Defendants that are the subject of this motion are residents of different states.

Now, as to factor two. Nothing relating to this matter occurred within the District of South Dakota. As the pleadings attached hereto indicate, this matter was a simple eviction matter involving property that is located in Green River, Wyoming. Nothing relating to the events as described in the pleadings herein occurred in the State of South Dakota. The property from which the Plaintiffs were evicted is located at 935 Wilderness Trail, Green River, Wyoming; the jury trial relating to the same occurred in Green River, Wyoming; and even the Plaintiffs' allegations as to the transactions herein occurred in the State of Wyoming. The Plaintiffs allege in their complaint that numerous Judges, attorneys, and authorities with state, local, and federal entities were involved in a large scale conspiracy to somehow allegedly wrong the Plaintiffs. All of these individuals are located in the State of Wyoming; and the events relating to this alleged conspiracy occurred in the State of Wyoming according to the Plaintiffs' Second Amended Complaint. There is absolutely no allegation by the Plaintiffs that any relevant occurrence relating to their allegations occurred in the State of Wyoming.

Finally, as to factor three. There is a jurisdiction in which this matter could have been brought, but it wasn't. This was in the Federal District of Wyoming, as all alleged events relating to this matter occurred in the State of Wyoming. Ms. Telford attempted to file something relating to the issues herein in the Federal District Court for the District of Wyoming, but was unsuccessful, as is evidenced

by the orders of the Federal District Court for the District of Wyoming and the Tenth Circuit Court of appeals attached hereto.  The filing herein by Ms. Telford, and now Ms. Burton, who again was never heard of prior to the initiation of this lawsuit, is nothing but a frivolous attempt to further delay these proceedings.  Instead of just accepting the terms of the jury verdict as any other normal person would, Ms. Telford has initiated numerous unnecessary processes relating to this matter over a span of several years, wasting everyone's time and money.

Ultimately, this is just the type of case for which 28 U.S.C. 1391 anticipated.  Indeed, with the filing of this action, the Plaintiffs are attempting to hale the instant Defendants to a remote district, which has nothing to do with nor any relationship to the subject matter of this litigation, even if you took the Plaintiffs' allegations as truth.  Accordingly, this matter should be dismissed because this Court is not the appropriate venue for this matter.  Wyoming is the appropriate venue.  Ms. Telford has already attempted litigation in Wyoming; and has failed.

## II.    THIS COURT LACKS PERSONAL JURISDICTION OVER THESE DEFENDANTS PURSUANT TO F.R.C.P. 12(b)(2).

*A. General Framework: Specific v. General Personal Jurisdiction; Minimum Contacts.*

Personal jurisdiction can be specific or general.  *Fastpath, Inc. v. Arbela Technologies, Inc.*, 760 F.3d 816, 820 (8th Cir. 2014)(citing *Vistasystems, Inc. v. EBM---Papst. St. Georgen GmbH & Co., KG,* 646 F.3d 589, 592 (8th Cir. 2011)).  Specific jurisdiction refers to jurisdiction over causes of action arising from or relating to a Defendant's actions with the forum state.  *Id.*  Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment.  *Dairy Farmers of America, Inc. v. Bassett & Walker, Int'l, Inc.*, 702 F.3d 472, 745 (8th Cir. 2012).

Under general jurisdiction, a Federal Court has personal jurisdiction over a defendant who has "continuous and systematic" contacts with the forum state, even if the Plaintiff's cause of action does

6

not arise from those "continuous and systematic" contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). If a Court has general jurisdiction over a Defendant, it is said that the Defendant's affiliations with the forum state in which suit is brought are so constant and pervasive as to render the defendant essentially at home in the forum state. *Estate of Moore v. Carroll,* 159 F.Supp.3d 1002, 1007 (D.SD 2016).

Under either theory of personal jurisdiction, due process requires that a non-resident have minimum contacts with the forum state such that the maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice. *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 291-292 (1980). Minimum contacts is based on the notion that those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter. *Fastpah*, 760 F.3d at 820. A defendant's contacts with the forum state must be sufficient so that a non-resident defendant should reasonably anticipate being haled into court there. *World-Wide Volkswagen*, 444 U.S. at 297. Sufficient minimum contacts requires some act by which the Defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits of its protections and laws. *Fastpaht, Inc.*, 760 F.3d at 820. For a State to exercise jurisdiction consistent with due process, the Defendant's suit-related conduct must create a substantial relation with the forum state. *Id.* At 821. This means that the relationship must arise out of contacts that the Defendant *himself* creates with the forum state. *Id.* Contacts between the Plaintiff and the forum State do not satisfy this inquiry. *Id.* With all of this in context, the Eighth Circuit has instructed its District Courts to apply a five-factor test when assessing personal jurisdiction over an out-of-state Defendant for the purpose of analyzing minimum contacts: (1) the nature and quality of a defendant's contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 820 (8th Cir. 1994).

*B. This Court Has No General Personal Jurisdiction Over the Defendants to this Motion.*

As is described in the affidavits attached hereto collectively as Exhibit "J", none of the Defendants hereto have "continuous and systematic" contacts with the State of South Dakota. Pioneer Park is a Wyoming entity, and has no property or activity in the State of South Dakota. As a matter of fact, Pioneer Park has not even advertised in the State of South Dakota. Additionally, neither Ann Clayton nor Judy Cirillo have any connection to the State of South Dakota whatsoever. They have no bank accounts, no family, no business, no evidence of residency, nor anything else connecting them to the State of South Dakota. As a matter of fact, neither of these Defendants have even been to the State of South Dakota in several years, and such a visit was for the purpose of engaging in tourist activities.

*C. This Court Has No Specific Jurisdiction Over Any Defendant Herein.*

This issue substantially relates to the venue issue discussed hereinabove. There is absolutely nothing in the Plaintiffs' Second Amended Complaint tying any of the issues or actions concerned of in this lawsuit to the State of South Dakota. Again, this matter concerned an eviction of Ms. Telford relating to a property located in Green River, Wyoming. No allegations of the Plaintiffs concern the State of South Dakota whatsoever. What the Plaintiffs are attempting to do is add a new individual, Ms. Burton, as a South Dakota Plaintiff so as to attempt to have this Court obtain diversity jurisdiction over this matter. Well, such an effort should fail, considering that nothing relating to any of the allegations made in the Plaintiffs complaint relate to anything that occurred in the State of South Dakota. This is verified by the Affidavits collectively attached hereto as Exhibit "J." As these affidavits provide, this was a mere eviction action in the State of Wyoming that Ms. Telford has completely blown out of proportion.

To add to that, South Dakota's long-arm statute and the Due process clause of the Fourteenth Amendment should not allow the exercise of specific personal jurisdiction in this case. Nothing in

8

the Plaintiffs' Complaint even alleges any of the actions that are mentioned in South Dakota Statute, 15-7-2, thus creating no long-arm jurisdiction here. There was no transaction of business in South Dakota. There has been no allegation of any activities that occurred in the State of South Dakota to create a tort action. There is no property at issue in the State of South Dakota. And so on and so on.

As far as the Due Process analysis goes, when making this analysis, the fundamental inquiry is whether the Defendant has "purposefully availed" itself to the benefits and protections of the forum state, to such a degree that it should reasonably anticipate being haled in the Court there. *Viasystems, Inc. v. EBM-Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 594 (8th Cir. 2011)(internal citations omitted). Absolutely nothing alleged in the Plaintiffs' Second Amended Complaint indicates that any of the Defendants to the instant lawsuit even had a thought about the State of South Dakota during this whole process, until being served with the instant summons. The Exhibits attached to the Plaintiffs' pleading supports that point. So does the entire history of this matter, as described in the documents attached herewith. None of the instant Defendants should have had any indication that any portion of this simple eviction matter would have ended up in a Federal Court in the State of South Dakota.

> D. *Minimum Contacts; Traditional Notions of Fair Play and Substantial Justice.*

As stated in the Plaintiffs' Second Amended Complaint, as is provided in the affidavits attached hereto, none of the Defendants to this Motion are residents of the State of South Dakota. Additionally, none of the Defendants have any sort of contact with the State of South Dakota, other than visiting for tourism purposes long ago. There is simply nothing suit related to this lawsuit that would allow this Court to assume personal jurisdiction over the Defendants that are the subject of this lawsuit.

This is evidenced by the five-part test relating to personal jurisdiction as is described hereinabove. Pioneer Park has no contact with the State of South Dakota, and never has. *Exhibit "J"*.

The other two Defendants in this motion have no contacts with the State of South Dakota, either. There is only contact by one of the instant Defendants for tourist purposes. Nothing relating to the causes of action herein has anything to do with the State of South Dakota. This Court has no interest in providing a forum herein; indeed, this lawsuit is doing nothing but wasting this Court's time. Finally, it is terribly inconvenient for the parties for this lawsuit to continue in the State of South Dakota. Pioneer Park is a Wyoming company with property this is the subject of this lawsuit that is located in the State of Wyoming. The other two Defendants are located in the State of Wyoming, namely Green River, Wyoming. It is approximately a twelve hour drive from Green River, Wyoming to this Court, one way. *Exhibit "J"*. The instant Defendants should not have to defend this action in South Dakota under such circumstances, especially considering the history of this matter. Justice would not be served by allowing the Plaintiffs to hail the instant Defendants into this Court in this case. As a matter of fact, allowing this case to proceed would set a poor precedent in the future, allowing Plaintiffs to forum shop anywhere after their causes of actions in appropriate jurisdictions failed.

### III. THE DEFENDANTS TO THIS ACTION WERE NOT PROPERLY SERVED.

*A. "Service" Upon Pioneer Park Was Ineffective.*

As is indicated by the Affidavit of Ann Clayton attached hereto and incorporated herein by this reference, the Plaintiffs did not appropriately follow procedure when attempting to serve Pioneer Park. Ms. Clayton is the general manager of Pioneer Park's Green River, Wyoming office. On the date of alleged service, December 2, 2016, Ms. Telford appeared in Pioneer Park's Green River office with Marti Lundahl, who is Ms. Telford's sister. Ms. Telford video taped the alleged service, with Marty present. This is inappropriate for several reasons.

Federal Rule of Civil Procedure 4(h) provides that an association is to be served as an individual pursuant to Federal Rule of Civil Procedure 4(e)(1). Rule 4(e)(1) provides that service must be done pursuant to state law in the state where service was attempted. South Dakota Statute 15-6-

4(c) provides that service may be made by a Sheriff, Constable, Marshall, or Deputy. Further, service may be made by "any other person not a party to the action who at the time of making such service is an elector of any state." Well, none of the official authorities to the alleged service upon Pioneer Park effectuated service. Instead, Marti Lundahl did with Ms. Telford present. This is ineffective service because first Ms. Telford was present and is a party to this action. Additionally, Ms. Lundahl is a *de facto* party to this action as well. This is evidenced in several regards. First, Ms. Lundahl was a party to the eviction proceedings that underlie the instant action, as is evidenced by Exhibit "A" attached hereto. Second, the Plaintiffs to this complaint apparently think that Ms. Lundahl is an important piece to this ragged puzzle. The Second Amended Complaint references Ms. Lundahl at several places. For instance, the Plaintiffs are sure to let the Court know that Ms. Lundahl has health problems at paragraph 3 of the Second Amended Complaint. Additionally, Ms. Lundahl is referenced at paragraph 9 of the Second Amended Complaint, noting that Plaintiff Burton "aided Plaintiffs Hollie and Marti in protection of their rights." Even more, Exhibit "9" to the Second Amended Complaint indicates that Ms. Telford has "assigned" her rights to Plaintiff Telford in this case, meaning that Ms. Lundahl has a stake in this action, and therefore is a party to this action. Accordingly, since Ms. Lundahl "made" service of the Summons and Second Amended Complaint in this matter with Plaintiff Telford present with a camera, service of the summons and the Second Amended Complaint upon Pioneer Park was ineffective.

   B. *"Service" Upon Clayton and Cirillo was Ineffective.*

In accordance with the Affidavits of Ann Clayton and Judy Cirillo attached hereto, the summonses for these individuals were shoved through a drop box at Pioneer Park's Green River, Wyoming location. Federal Rule of Civil Procedure 4(e)(1) again provides for service of process by the law of the State of South Dakota. South Dakota Statute 15-6-4(c) provides that service may be made by a Sheriff, Constable, Marshall, or Deputy. Further, service may be made by "any other person

not a party to the action who at the time of making such service is an elector of any state." Nobody pursuant to this statute made service.

Additionally, Federal Rule of Civil Procedure 4(e)(2) provides additional methods of making service of individuals. These include: (1) Delivering a copy of the summons and the complaint to the Defendant personally; (2) Leaving a copy of the summons and complaint at the individual's usual place of abode or someone of suitable age residing there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. None of these options include shoving summonses and complaints in a drop box. Accordingly, service is ineffective upon these Defendants as well.

**IV. THE INSTANT DEFENDANTS SHOULD BE AWARDED THEIR ATTORNEY FEES AND COSTS.**

As can be seen from Exhibit "F" attached hereto, Ms. Telford has a lengthy history of litigation abuses and filing frivolous, harmful, and vexatious litigation. As Exhibit "F" provides, even as of January of 2014, Ms. Telford has filing restrictions imposed upon her in seven separate Courts. It is believed that this list is expanding.

It is within a Court's inherent powers to award attorney fees when a litigant or party has demonstrated bad faith. *Warger v. Shauers*, 2010 WL 3701325, (D. SD 2010)(citing *Willhite v. Collins*, 459 F.3d 866, 870 (8th Cir. 2006)). Bad faith is present if the Court finds that "fraud has been practiced upon it, or that the very temple of justice has been defiled." *Id.* (citing *Chambers v. NASCO*, 501 U.S. 32, 43 (1991)). Bad faith has also been found when a party intentionally advanced a frivolous argument for the purpose of harassment or delay; when a party intentionally advanced and action for no other purpose than to harass or badger the other party; or when material facts have been misrepresented. *Id.* (citing *Books Are Fun, Ltd. v. Rosebrough*, 239 F.R.D. 532, 554-558 (S.D. Iowa 2007)).

Ms. Telford has acted in bad faith here. The sole purpose of the instant litigation is an attempt to further delay the inevitable as to her Wyoming eviction. Since Ms. Telford has exhausted her remedies in Wyoming, she is now attempting to use this litigation as an excuse to stay or delay the Wyoming eviction proceedings. The harassing nature of the instant proceedings are evidenced by the fact that Ms. Telford now brings a party into this lawsuit, Ms. Burton, that has never been a party to any lawsuit or proceeding before the instant matter was filed. With this misrepresentation, wherever it might have occurred, the instant Defendants have cost these Defendants thousands of dollars in attorney fees they would not have had to expend if not for this frivolous lawsuit. Ms. Telford's history speaks for itself, and its ugly head had made another appearance wasting this Court's time. It is obvious that his Court is not the proper venue for this matter, and that this Court has no personal jurisdiction over any of the Defendants herein. This fact is so obvious that the instant Defendants should be awarded their attorney fees pursuant to this bad faith principle.

Finally, the instant Defendants should be awarded their costs pursuant to Federal Rule of Civil Procedure 54 and Local Rule 54.1.

## **CONCLUSION**

This matter should be dismissed. This Court is not the appropriate venue for this matter, considering it is a Wyoming eviction action. Nothing relating to this case has any connection to the State of Wyoming. The Plaintiffs even plead as such, and none of the Defendants to this lawsuit are residents of the State of South Dakota, again as the Plaintiffs alleged. Ms. Telford has already attempted to litigate this case in Wyoming, and has failed. She should not be given another opportunity to litigate this case in some random Court that she chooses.

Further, this Court does not have either specific or general personal jurisdiction over the Defendants to this lawsuit. Nothing relating to this Wyoming eviction case occurred in the State of South Dakota. Again, the Plaintiffs admit as such. Additionally, none of the instant Defendants have

13

any sort of connection or contacts with the State of South Dakota and it would be contrary to the principle of Due Process to require these Defendants to have to defend this case, again, in this Court.

The Plaintiffs have failed to serve the instant Defendants property.

Accordingly, along with the dismissal of the instant action, the instant Defendants should be awarded their attorney fees and costs. Attorney fees should be awarded because of Ms. Telford's obvious bad faith in the instant matter, whereby Ms. Telford is misrepresenting material facts of this case and whereby she is attempting to use this action to further delay the inevitable in the Wyoming eviction action. The instant Defendants should not have to defend this action when it is clearly obvious that this Court is not the appropriate venue for this Wyoming eviction action and when there is no question that this Court has absolutely no basis for exercising personal jurisdiction over any of the instant Defendants. Costs should be awarded pursuant to Federal Rule of Civil Procedure 54 and Local Rule 54.1.

WHEREFORE, then, these Defendants respectfully request that this matter be DIMSSED as to these Defendants and that they be awarded all of their costs, expenses, and attorney fees for having to defend yet another one of Ms. Telford's frivolous Complaints.

Respectfully submitted this 22nd day of December, 2016.

**DAMON LAW OFFICE**

  /s/ Jamie L. Damon
Jamie L. Damon
Attorney for Defendant
PO Box 1115
Pierre, SD 57501
605-224-6281
dlo@midconetwork.com