**STATE OF WYOMING**
**THIRD JUDICIAL DISTRICT COURT**

NENA JAMES
DISTRICT JUDGE



P.O. Box 310
GREEN RIVER, WYOMING 82935
(307) 872-3228
(307) 352-6609
FAX: (307) 872-6494

FILED
DISTRICT COURT
THIRD JUDICIAL DISTRICT
SWEETWATER COUNTY WY

JAN 07 2016

DONNA LEE BOBAK
CLERK OF COURT
BY _____
DEPUTY CLERK

January 6, 2016

Michael Stulken
Stulken & Tynsky, PC
P.O. Box 237
Green River, Wyo. 82935

Hollie Telford and Marti Lundahl
935 Wilderness Trail
Green River, Wyo. 82935

Re: C-15-217-J
Telford and Lundahl v. Global E, LLC

Dear Mr. Stulken, Ms. Telford and Ms. Lundahl:

This matter came before the Court on October 13, 2015, for a hearing on Appellee's Motion to Dismiss. Also on October 13, 2015, Appellants[1] filed a motion to stay all further proceedings until Appellants' Fair Housing Act Complaint has been decided by the federal courts.

## Motion to Dismiss

Appellee argues the Court does not have jurisdiction over this appeal because Appellants' Notice of Appeal does not comply with W.R.A.P. 2.07(a), and such defects are jurisdictional. Appellants object to dismissal and argue any "clerical" defects in the notice of appeal were "cured" by the filing of an Amended Notice of Appeal. Appellants also argue their Notice of Appeal and W.R.A.P. 2.05 certification are premature because they filed motions pursuant to W.R.C.P. 59 and 60 in the Circuit Court. Appellee in reply argues any amended Notice of Appeal filed by Appellants would be untimely and would not cure the jurisdictional defects.

Appellee further argues that the Wyoming Rules of Civil Procedure do not apply to forcible entry and detainer actions, and that Appellants' post-judgment motions did not toll the time for filing a proper Notice of Appeal in compliance with W.R.A.P. 2.07(a).

---

[1] Although the Notice of Appeal is signed by Hollie Telford and Marti Lundahl, only Hollie Telford appeared for argument at the Motion to Dismiss hearing.



EXHIBIT B

Michael Stulken
Hollie Telford and Marti Lundahl

January 6, 2016
Page 2

As a preliminary matter, the Court notes that Appellants did not file an Amended Notice of Appeal in this Court. While it is possible they filed one in Circuit Court, W.R.A.P. 2.01(a) requires a copy to be filed in the appellate court within five days of filing the notice in the trial court.

Instead of an Amended Notice of Appeal, on May 18, 2015, Appellants filed "Appellants/Defendants Opposition to Plaintiff's Motion to Dismiss Appellants/Defendants Appeal for Alleged Violations of Wyoming Rules of Appellate Procedure[;] Notice that Appellants Are Now Filing an Amended Notice of Appeal MOOTING Appellee's WRAP Rules 1.03, 2.07(a), 2.05 and 3.03 Objections, and Further, are Requesting a New Clerk's Certification of the Record Now That the Trial Judge Has Ruled on Appellant's Exceptions and Rule 59/60(b) Motions Tolling Entry of Final Judgment[;] Renewed Motion to Disqualify Judge James Under the 14th Amendment Due Process Clause". Attached to this filing were three numbered exhibits, none of which was an Amended Notice of Appeal. Therefore, this Court cannot determine whether Appellant's Amended Notice of Appeal, if one exists, was defective under the Wyoming Rules of Appellate Procedure or whether the same was timely filed.

The first exhibit is a document dated March 27, 2015, addressed to the Clerk of the Circuit Court, wherein it states in relevant part: "Consider this note my order to obtain copies of the CD recordings of the jury trial so that I may transcribe same and submit them into a statement of evidence approved by the trial court and pertinent to my appeal." This document is not signed by anyone, nor does it contain a file stamp from any court.

The second exhibit is an "Amended 2.05 Certificate", which states in relevant part:

Appellant seeks to file her own unofficial transcript of the jury proceedings as transcribed by Appellant and to submit same as a statement of evidence pursuant to Rule 3.03 and 3.04
. . .

. . . .

Accordingly, the statement of evidence required by rule 3.03 and 3.04 should not be required to be submitted under [sic] AFTER the trial court rules on Appellant's Exceptions/rules 59/60(b) motions.

Michael Stulken
Hollie Telford and Marti Lundahl

January 6, 2016
Page 3

The second exhibit is signed by Appellant Hollie Telford, but not by Appellant Marti Lundahl. It contains a Circuit Court file stamp dated March 27, 2015, without initials. It also includes a certificate of service signed by Appellant Hollie Telford which states "[t]he undersigned certifies this [sic] she mailed a copy of this amended certificate to mcheal stulken [sic] representing PIONEER plaintiffs[.]" The Court notes that Appellee, in its May 22, 2015 Reply to Appellants' Opposition to Appellee's Motion to Dismiss Appeal, stated "that neither the Appellee nor its counsel ever received the purported 'Amended Rule 2.05 Certificate' filed in the Circuit Court on March 27, 2015."

The third exhibit is titled: "Objection to Certification of Record to the District Court Sitting as an Appellate Court[;] Demand to Produce Electronic Record of the Jury Proceedings on the CD's Defendant/Appellant Provided to this Court on April 1, 2015[;] Request to Schedule Hearing on Defendants Exceptions to the Jury Verdict and Rule 59/60(b)(4) Attack Thereon." This exhibit is dated April 8, 2015, is signed by Appellant Hollie Telford only and is not file stamped. The Certificate of Service indicates it was served on Appellee's attorney via email.

As a second preliminary matter, insofar as Appellant's May 18, 2015 filing is a renewed motion for recusal, this motion is again denied. Appellants have not provided cogent argument or authority to support their claim that this Court is violating their 14th amendment rights by presiding over this appeal.

This appeal stems from a forcible entry and detainer action, wherein Appellants were the defendants in Circuit Court. This appeal is not the proper method to challenge this Court's prior rulings in a separate civil action filed in this Court by Appellants as Plaintiffs against Appellee as Defendant. Although the two cases both involve Appellants' residence in Green River, they are separate and distinct cases with different legal issues. Appellants' remedy to challenge this Court's rulings in C-2014-464-J was to file a timely Notice of Appeal with respect to that case in the Wyoming Supreme Court.

Turning to the Motion to Dismiss, the Wyoming Rules of Appellate Procedure provide that "[t]he timely filing of a correct notice of appeal is jurisdictional[:]" *Pfeil v. State*, 2014 WY 137, ¶ 7, 336 P.3d 1206, 1209 (Wyo. 2014)(citing W.R.A.P. 1.03; *Hitz v. State*, 2014 WY 58, ¶ 8, 323 P.3d 1104, 1106 (Wyo. 2014); *Gomez v. State*, 2004 WY

Michael Stulken
Hollie Telford and Marti Lundahl

January 6, 2016
Page 4

15, ¶ 15, 85 P.3d 417, 420 (Wyo. 2004)). Specifically, W.R.A.P. 1.03[2] states (emphasis added):

> The timely filing of a notice of appeal, which complies with Rule 2.07(a), is jurisdictional. The failure to comply with any other rule of appellate procedure, or any order of court, does not affect the validity of the appeal, but is ground only for such action as the appellate court deems appropriate, including but not limited to: refusal to consider the offending party's contentions; assessment of costs; dismissal; and affirmance.

Appellants' Notice of Appeal does not comply with W.R.A.P. 2.07(a)(2) in that it fails to "[i]dentify the judgment or appealable order, or designated portion appealed." The identification of a "General Verdict" entered by the Circuit Court on March 25, 2015, does not serve to meet this requirement. Despite this defect, Appellants attached, as Exhibit 1 to the Notice of Appeal, a copy of the March 25, 2015 Judgment of Restitution. The Judgment of Restitution states "the jury rendered a general verdict in favor of the Plaintiff."

The Notice of Appeal does not comply with W.R.A.P. 2.07(a)(3) because it fails to "[n]ame the Court to which the appeal is taken." Furthermore, it does not comply with W.R.A.P. 2.07(a)(4) because it fails to include an adequate "certificate or endorsement required by [W.R.A.P.] 2.05."

Although the Notice of Appeal contains a "Certificate under rules 2.05 and 3.05(b)", the certificate does not comply with W.R.A.P. 2.05. The certificate states that "no transcript was made of the proceedings" and that "the proceedings were electronically recorded[.]" It goes on to state that "Plaintiff [sic] may provide a transcript of the proceedings as self authored into a a [sic] settled statement as permitted by WRAP Rule 3.05(b), and present same to circuit court or court of appeal."

Contrary to Appellants' assertions, there is no provision of the Wyoming Rules of Appellate Procedure which would allow Appellants to submit an unauthorized or "self authored" transcript when an electronic record is available. See W.R.A.P. 3.02(c) & (d), 3.01(a)(2). Appellants' options under these circumstances are to

---

[2] Many provisions of the Wyoming Rules of Appellate Procedure were amended in 2015. These amendments became effective on July 1, 2015. Because this appeal was filed before the amendments became effective, citations within this decision letter to the Wyoming Rules of Appellate Procedure are to the prior version in effect at the time Appellants' Notice of Appeal was filed unless otherwise noted.

Michael Stulken
Hollie Telford and Marti Lundahl

January 6, 2016
Page 5

submit the electronic record as "prima facie evidence of the facts, testimony, evidence and proceedings", procure an official court reporter to transcribe the electronic record, or, in lieu of these options, submit an agreed statement in accordance with W.R.A.P. 3.08.

On April 2, 2015, the Clerk of Circuit Court filed a W.R.A.P. 3.05(a) advisement with the Clerk of District Court, which states in relevant part (emphasis added):

> The sound recordings have been requested by the [Appellants], but due to the number of CDs created from a 2 day trial, and the cost of each CD, the [Appellants have] agreed to provide the court with [their] own CD to record on, **which to date has not been provided to the court.**

Ultimately, Appellants are responsible for procurement of the record and associated costs, and such arrangements are to be made with the trial court rather than the appellate court. Appellants have not sought to file an agreed statement in accordance with W.R.A.P. 3.08. Furthermore, a statement of evidence pursuant to W.R.A.P. 3.03 is only available when "no report of the evidence or proceedings at a hearing or trial is made." Id.

Appellants' Amended Certificate is also defective for the reasons previously set forth. In the Amended Certificate, Appellants cite BB v. RSR, 2007 WY 4, 149 P.3d 727 (Wyo. 2007) in support of their argument that they may submit an unofficial or self-authored transcript. Appellants' reliance on that case is misplaced because the facts are distinguishable and the holding in BB was limited to the circumstances in that case.

First, the BB case involved a district court appeal, while this appeal is a circuit court appeal. The underlying case in BB originated in district court and was thereafter assigned to a circuit court judge. "Although circuit courts are permitted to electronically record proceedings, when assigned cases from the district court, the law and rules governing the district court and appeals therefrom apply." See BB, at ¶ 6, 149 P.3d at 730, n.2.

Second, in BB, contrary to Appellants' assertion in their parenthetical citation which grossly misstates the holding in BB, the Wyoming Supreme Court did not hold it was permissible to submit an unofficial or self-authored transcript if "a party is unable to pay for a . . . certified transcript[.]" The BB Court, in an exercise of discretion, held that despite Mother's noncompliance with the

Michael Stulken
Hollie Telford and Marti Lundahl

January 6, 2016
Page 6

appellate rules, it would nevertheless consider Mother's self-authored transcript under the unique circumstances presented. BB, at ¶ 9, 149 P.3d at 732. Specifically, the BB Court stated:

> Although we could decline consideration of the unofficial transcript, Father did not object to the state of the record and referred to the unofficial transcript throughout his appellate brief. In light of the important interests at stake and the lack of objection by Father, we have, in the exercise of our discretion, determined that review of the record as reflected by the unofficial transcript is appropriate.

Id. (Emphasis added).

In contrast to the circumstances in BB, in this appeal Appellee objects to Appellants' attempt to use a self-authored or unofficial transcript. Moreover, this case arose in circuit court, where electronic recording of proceedings is specifically authorized by statute. See W.S. § 5-9-139. In short, the BB case and the Wyoming Rules of Appellate Procedure do not support Appellants' position. Therefore, Appellants' certificates do not comply with W.R.A.P. 2.05.

Appellants' Notice of Appeal is additionally defective because it does not contain a certificate of service of any kind. There is no indication that the Notice of Appeal was served in any way; moreover, there is no indication it was *properly served* in accordance with W.R.C.P. 5, as required by W.R.A.P. 2.01(a). The caption of the Notice of Appeal does not comply with W.R.A.P. 2.08(a) because it lists Appellee as "Plaintiff" and Appellants as "Defendants."

It is well settled that pro se litigants are expected to "comply with the Wyoming Rules of Appellate Procedure in the same way trained lawyers are expected to perform." *Pinther v. Webb*, 983 P.2d 1221, 1223 (Wyo. 1999)(citing *Hamburg v. Heilbrun*, 889 P.2d 967, 968 (Wyo. 1995); *Korkow v. Markle*, 746 P.2d 434, 435 (Wyo. 1987)). Moreover, Appellant Hollie Telford is not a typical pro se litigant with little or no experience with the judicial system or the applicable procedural rules.

Although this Court cannot make a finding regarding the timeliness of Appellants' Notice of Appeal, it is clear that Appellants' Notice of Appeal does not comply with W.R.A.P. 2.01(a), 2.05, 2.07(a) or 2.08(a). Appellee's Motion to Dismiss is granted.

Dismissal renders Appellants' Motion to Stay moot. Moreover, the

Michael Stulken
Hollie Telford and Marti Lundahl

January 6, 2016
Page 7

motion itself is not supported by cogent argument or authority. Accordingly, the Motion to Stay is denied.

Any other requests or motions not previously determined are hereby moot, and are denied.

Sincerely yours,

Nena James
District Judge

cc: Green River Circuit Court