IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2016 APR -7 PM 4: 11
STEPHAN HARRIS, CLERK
CHEYENNE

| | |
|---|---|
| GLOBAL E, LLC, d/b/a PIONEER PARK MHC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:15-CV-188-ABJ ) |
| MARTI LUNDAHL AND HOLLIE TELFORD, | ) ) ) |
| Defendants. | ) ) |

## ORDER FOR REMAND

THIS MATTER came before the Court upon Global E, LLC, d/b/a, Pioneer Park MHC's (hereinafter "Pioneer Park") Special Appearance With Motion to Remand, pursuant to 28 U.S.C. 1447. The Court, having reviewed said Motion, having reviewed the proceedings herein, and being sufficiently advised in the premises, finds as follows:

1. On February 4, 2016, the Defendants, Marti Lundahl and Hollie Telford (hereinafter the "Defendants") filed herein a "Notice of Removal" in this Court, purportedly pursuant to 28 U.S.C. Sections 1331 and 1443.

2. On said Notice of Remand, the Defendants reference three separate State Court cases for the purposes of removal in this action.

3. These three cases are as follows: a) State Circuit Court No. CV-2015-0077; b) State District Court Case No. C-15-217-J; and c) State District Court Case No. C-15-602-J. All of these cases were in either the Circuit Court or the District Court in the State Court of the Third Judicial District Within and For Sweetwater County, Wyoming.



EXHIBIT C

4. Pioneer Park is connected with all three cases and all three cases arise from an action commenced by Pioneer Park on February 25, 2015.

5. On February 25, 2015, Pioneer Park filed a Complaint for Forcible Entry and Detainer in the Circuit Court of the Third Judicial District Within and For Sweetwater County, Wyoming.

6. Pioneer Park's February 25, 2015 Complaint for Forcible Entry and Detainer concerned nothing other than the Pioneer Park's desire to evict the Defendants from a premises owned by the Pioneer Park pursuant to W.S. 1-21-1001 et. seq.

7. In response thereto, the Defendants did not assert any Counterclaims, nor did they assert any other affirmative claims in these eviction proceedings.

8. On March 19, 2015, and on March 20, 2015, a jury trial was had on Pioneer Park's Complaint for Forcible Entry and Detainer.

9. After a day and one half long jury trial, the jury found in favor of the Plaintiff.

10. On March 25, 2015, the Circuit Court of the Third Judicial District Within and For Sweetwater County, Wyoming entered a Judgment of Restitution.

11. The Defendants subsequently appealed the Circuit Court decision to the State District Court of the Third Judicial District Within and For Sweetwater County, Wyoming. This appeal became Case No. C-15-217-J in the State District Court.

12. After the Defendants filed a Notice of Appeal in the State District Court, Pioneer Park filed a Motion to Dismiss the Defendants' Appeal.

13. After hearing, the State District Court dismissed the Defendants' Appeal.

14. Case No. C-15-602-J is a case related to Pioneer Park's eviction action. It is the Defendants' appeal from the Sweetwater County, Wyoming State Circuit Court to the Sweetwater County, Wyoming State District Court relating to an Order Denying a Request for a Hearing.

15. The sole issue before the Court below as to all three cases attempted to be removed by the Defendants herein concerned Pioneer Park's desire to evict the Defendants.

16. More than thirty (30) days have passed since the filing of the Pioneer Park's Complaint for Forcible Entry and Detainer.

17. All three cases attempted to be removed by the Defendants relate to a State Eviction action.

18. The Defendants were served with Pioneer Park's Complaint for Forcible Entry and Detainer and the Summons for the same on the 27th day of February, 2015.

19. The Defendants did not file a Notice of Removal in this case until February 4, 2016, almost a whole year after Plaintiff filed its initial complaint in the State Circuit Court.

20. The Defendants did not file a Notice of Removal in this case until February 4, 2016, almost a whole year after Defendants were served with the State Circuit Court Complaint for Forcible Entry and Detainer and the Summons for the same.

21. 28 U.S.C. 1446(b) provides, in pertinent part, that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

22. Pursuant to 28 U.S.C. 1446(b), the Defendants' Notice of removal is not timely as, since it was filed on February 4, 2016 in this Court, said filing was more than thirty (30) days after the Defendants received notice of the Summons for Forcible Entry and Detainer and Complaint for Forcible Entry and Detainer by personal service on the 27th day of February, 2015.

23. The thirty (30) day time limit for removal is to be strictly applied. *See Marler v. Amoco Oil Co., Inc.*, 793 F.Supp. 656 (E.D.N.C 1992).

24. Since this thirty (30) day time limit is to be strictly applied, the Defendants should not be allowed to remove the instant case and this case should be remanded to the State Court.

25. A Defendant who does not timely file to remove a State Court action to Federal Court loses the right of removal.

26. In addition, a Defendant can waive any right to removal by litigating a matter at the State Court level. *Brown v. Demco*, 792 F.2d 478 (5th Cir. 1986).

27. The Defendants have waived any ability to remove this action, as they have fully litigated the State Court action.

28. This is especially true considering that a final judgment, and the validity thereof, has been rendered and finalized at the State Court level. A State Court judgment is binding and conclusive on the parties and their privies in any subsequent action between them in federal court as to all matters actually in issue and decided in the state court action and, under some circumstances, as to all matters that might have been litigated. *Resolute Ins. Co. v. State of NC*, 276 F.Supp. 660, 666 (E.D.N.C. 1967). The Defendants ultimately had other avenues to combat the State Court eviction action and chose not to do so. The State Court judgment is now final, the Defendants have waived their ability to remove this action, and the Defendants did not timely remove this case.

29. 28 U.S.C. 1331 provides that Federal Courts have "federal question jurisdiction" over civil actions "arising under the Constitution, laws or treaties of the United States."

30. To invoke this federal question jurisdiction, the claims or issues in dispute must be based upon some federal law independent of 28 U.S.C. 1331. *See U.S. on Behalf of FTC v. Larkin, Hoffman, Daly, & Lindgren, Ltd.*, 841 F.Supp.899 (D.Minn. 1993).

31. The instant matter involved nothing that was federal law or a federal question. This matter was merely an eviction proceeding, with no other issues at stake at the State Court level. Specifically,

4

since this matter was only one of an eviction proceeding pursuant to W.S. 1-21-1001 et. seq., this is not a matter properly before this Court.

32. Removal is also not appropriate pursuant to such Title 42 of the United States Code in this case.

33. Indeed, 42 U.S.C. 3613 allows for such suits in this Court by private parties.

34. 42 U.S.C. 3613 provides, in pertinent part, that an aggrieved party may "commence" a civil action for alleged violations pursuant to said Title.

35. The Defendants attempt to remove this State Court eviction action is not the "commencement" of an action. Instead, it is a removal of an action. Therefore, the Defendants cannot institute an action under Title 42 of the United States Code under the guise of removal.

36. 28 U.S.C. 1443 affords the ability to remove a State Court action when that action is: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

37. This matter is nothing but a mere eviction action. It has nothing to do with the Defendants' ability to be denied certain rights or equal rights pursuant to 28 U.S.C. 1443.

38. 28 U.S.C. 1332 provides that this Court has original jurisdiction over civil matters where there is diversity in citizenship between the parties and the amount in controversy exceeds $75,000.

39. No such amount in controversy exists here.

40. Indeed, the only request for relief made by Pioneer Park at the State Court level was that of a recovery of a tenement from the Defendants.

41. The only request for monetary relief by Pioneer Park at the State Court level was for attorney fees and costs.

42. Due to the fact that the recovery of the tenement herein did not involve a written lease agreement, the only costs that Pioneer Park could recover pending stay on appeal was $180.00.

43. There are no other monetary amounts in controversy here. Accordingly, this matter does not exceed the $75,000 minimum jurisdictional amount requirement. Thus, this matter should not be before this Court.

IT IS, THEREFORE, ORDERED that this matter is REMANDED to the District Court of the Third Judicial District Court Within and For Sweetwater County, Wyoming.

IT IS FURTHER ORDERED THAT all three cases attempted to be removed by the Defendants, to wit: a) State Circuit Court No. CV-2015-0077; b) State District Court Case No. C-15-217-J; and c) State District Court Case No. C-15-602-J are remanded to the District Court of the Third Judicial District Within and For Sweetwater County, Wyoming.

IT IS FURTHER ORDERED that the Defendants may be required to pay just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c). *See Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) (recognizing that the Court may assess fees and expenses, including attorneys' fees, against litigants qualifying for *in forma pauperis* status where the action is frivolous or malicious). The Plaintiffs must file each of their claims for just costs and any actual expenses, including attorneys' fees, within fourteen (14) days of this order. Within seven (7) days of each Plaintiff's filing, the Defendants must file their opposition to costs and expenses being imposed. After all deadlines have passed, the Court will issue its order concerning such.

IT IS FINALLY ORDERED that this matter is remanded to the District Court of the Third Judicial District Within and For Sweetwater County, Wyoming because no federal question exists herein, as is explained hereinabove; because this matter does not exceed the $75,000 minimal amount in controversy threshold for diversity jurisdiction; and, most notably, because the Defendants have

failed to timely file for removal.

DATED this 7th day of April, 2016.

*[signature]*
ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE