FILED
United States Court of Appeals
Tenth Circuit

# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

April 14, 2016

Elisabeth A. Shumaker
Clerk of Court

---

GLOBAL E, LLC, d/b/a Pioneer Park MHC,

 Plaintiff - Appellee,

v.

MARTI LUNDAHL; HOLLIE TELFORD,

 Defendants - Appellants.

No. 16-8029
(D.C. No. 2:15-CV-00188-ABJ)
(D. Wyo.)

---

## ORDER

---

Before **TYMKOVICH**, Chief Judge, **BRISCOE** and **LUCERO**, Circuit Judges.

---

 This court lacks jurisdiction over this appeal. Marti Lundahl and Holli Telford (the Lundahls) attempted to remove a state eviction action brought by Global E, LLC to federal district court. The district court concluded it lacked jurisdiction and remanded the state eviction action to state court. (This court notes that the district court did not open a new proceeding when the Lundahls filed their notice of removal.)

 A remand order based on lack of subject matter jurisdiction is not appealable. *See* 28 § 1447(d) (providing that, with an exception not applicable here, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."); *Powerex Corp. v. Reliant Energy Services*, 551 U.S. 224, 232 (2007) ("We hold that when a district court remands a properly removed case because it

**EXHIBIT D**

nonetheless lacks subject-matter jurisdiction, the remand is ... shielded from review by § 1447(d)."); *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 640 (2006) ("[W]e have relentlessly repeated that 'any remand order issued on the grounds specified in § 1447(c) [is immunized from all forms of appellate review], whether or not that order might be deemed erroneous by an appellate court.'") (quoting *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976)); *Flores v. Long*, 110 F.3d 730, 732, 733 (10th Cir. 1997) (holding that, even if the district court "employed erroneous principles in concluding that it was without jurisdiction," there is no appellate jurisdiction to review a remand order entered in a removed case which is "based to a fair degree upon the court's finding that it lacked subject matter jurisdiction to hear the case") (internal quotes omitted). *See also Western Insurance Co. v. A and H Insurance, Inc.*, 784 F.3d 725, 729 (10th Cir. 2015) ("when a district court unambiguously invokes lack of subject matter jurisdiction, we are permitted only to determine whether that was a 'plausible rationale.'") (quoting *Moody v. Great Western Railway Co.*, 536 F.3d 1158, 1163 (10th Cir. 2008).

Accordingly, this appeal is **DISMISSED**.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

*Ellen Rich Reiter*
by: Ellen Rich Reiter
Jurisdictional Attorney

FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

June 16, 2016

Elisabeth A. Shumaker
Clerk of Court

GLOBAL E, LLC, d/b/a Pioneer Park MHC, et al.,

    Plaintiffs - Appellees,

v.

MARTI LUNDAHL, et al.,

    Defendants - Appellants.

No. 16-8047

### ORDER

Before **TYMKOVICH**, Chief Circuit Judge, and **PHILLIPS**, Circuit Judge.

Appellant Hollie Telford, a/k/a Holli Lundahl, is subject to restrictions on her ability to proceed *pro se* in an original proceeding or as an appellant in this court. *Johnson v. Stock*, No. 03-4219, 2005 WL 1349963 (10th Cir. June 8, 2005); *see also Lundahl v. Zimmer*, 296 F.3d 936, 937 (10th Cir. 2002) (noting Holli Lundahl commenced suit in the District of Utah under her maiden name, Holli Telford). This matter is before us on her petition for leave to proceed *pro se* and her supplemental affidavit in support of her petition. We also have a motion signed by Hollie Telford for her sister and co-appellant, Marti Lundahl, to file electronically.

After careful consideration of the petition and supplemental affidavit, we deny the petition. **Within 7 days** from the date of this order, a licensed attorney admitted to

practice in this court shall enter an appearance in this appeal on behalf of Ms. Telford. If a licensed attorney does not appear within 7 days, she will be dismissed as an appellant in this appeal without further notice pursuant to Tenth Circuit Rule 42.1.

In addition, we note that Hollie Telford, a/k/a Holli Lundahl, has a lengthy and documented history of litigating under aliases, including spelling variations of the names Marti Telford and Marti Lundahl, and of "us[ing] her sister as a pawn in [her] vexatious litigation tactics," *Lundahl v. Global E, LLC*, No. 15-CV-0178-SWS, Order Dismissing Complaint at 1 n.1 (D. Wyo. Oct. 14, 2015); *see also, e.g., Lundahl v. Am. Bankers Ins. Co. of Fl.*, No. 12-CV-280-SWS, Order Imposing Monetary Sanctions Against Plaintiff Marti Lundahl and Non-Party Holli Lundahl, at ¶ 5 (D. Wyo. Feb. 5, 2014) (finding that Marti "was and is an unwitting pawn in Holli's vexatious litigation tactics and abuse of the legal system, . . . [but] Marti was aware that Holli was prosecuting the frivolous case in [her] name and participated and assisted to at least some degree"); *Lundahl v. Nar Inc.*, 434 F.Supp.2d 855, 860 n.2 (D. Idaho May 24, 2006) (noting that Holli Lundahl had "employed numerous aliases in her past litigation including, but not limited to, H.M. Telford, M.H. Telford, Marti Telford, Holli Lundahl, H. Lundahl, H.T. Lundahl, Marti Lundahl, and Holly Mattie Telford).

Accordingly, **within 14 days** from the date of this order, Marti Lundahl is directed to show cause in writing why the filing restrictions set forth in *Johnson v. Stock*, No. 03-4219, 2005 WL 1349963 (10th Cir. June 8, 2005) should not also explicitly apply to all spelling variations of the names Marti Lundahl and Marti Telford.

2

Appellate Case: 16-8047   Document: 01019639736   Date Filed: 06/16/2016   Page: 3

Any failure by Marti Lundahl to timely respond to this order will result in the dismissal of this appeal without further notice pursuant to Tenth Circuit Rule 42.1.

The motion to file electronically is denied. Proceedings in this appeal remain suspended pending further order of the court.

Entered for the Court<br>
ELISABETH A. SHUMAKER, Clerk<br>
<br>
by: Jane K. Castro<br>
Counsel to the Clerk

Appellate Case: 16-8047   Document: 01019653187   Date Filed: 07/07/2016   Page: 1

FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

July 7, 2016

Elisabeth A. Shumaker
Clerk of Court

---

GLOBAL E, LLC, d/b/a Pioneer Park MHC; CENTURYLINK PUBLIC COMMUNICATIONS, INC.,

    Plaintiffs - Appellees,

v.

MARTI LUNDAHL; HOLLIE TELFORD,

    Defendants - Appellants.

No. 16-8047
(D.C. No. 2:15-CV-00188-ABJ)
(D. Wyo.)

---

## ORDER

On June 16, 2016, this court denied Hollie Telford's petition for permission to proceed pro se and directed Marti Lundahl to show cause within 14 days why the filing restrictions set forth in *Johnson v. Stock*, No. 03-4219, 2005 WL 1349963 (10th Cir. June 8, 2005) should not also apply to her. The court warned that Ms. Telford would be dismissed as a an appellant if a licensed attorney did not entered an appearance on her behalf within 7 days and further warned that appeal would be dismissed for failure to prosecute if Ms. Lundahl did not timely respond to the order.

A licensed attorney has not entered an appearance in this appeal on behalf of Ms. Telford. Accordingly, she is dismissed as an appellant in this appeal. 10th Cir. R. 42.1.

Further, although Ms. Telford submitted a pleading that is entitled, in part, "Declaration of Marti Lundahl Opposing this Court's June 16, 2016 OSC," the pleading

does not contain a declaration by Marti Lundahl and was not signed by Marti Lundahl. Ms. Telford, who is not an attorney, cannot file on Ms. Lundahl's behalf. As Marti Lundahl has not timely responded to the June 16, 2016 show cause order, this appeal is dismissed pursuant to 10th Cir. R. 42.1.

A copy of this order shall stand as and for the mandate of the court.

                              Entered for the Court
                              ELISABETH A. SHUMAKER, Clerk

                              by: Jane K. Castro
                                  Counsel to the Clerk