Case 3:16-cv-03033-RAL Document 47-6 Filed 12/23/16 Page 1 of 10 PageID #: 458

Case 2:15-cv-00188-ABJ Document 2 Filed 12/02/15 Page 3 of 12
Case 2:13-cv-00241-SWS Document 60 Filed 01/30/14 Page 1 of 10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| HOLLI LUNDAHL, <br><br> Plaintiff, <br><br> vs. <br><br> ELI LILLY AND COMPANY, MICHAEL JOHNSON, LAW OFFICES OF SNELL & WILMER, CHERYL SCHROCK, US BANK, DONALD HALBERG, FORTUNE MAGAZINE, KAI FALKENBURG, ELLAM HALAI, AOL, INC., JEFF SEMRAD, and DOES 1-10 INCLUSIVE, <br><br> Defendants. | Case No. 13-CV-241-SWS |

## ORDER IMPOSING FILING RESTRICTIONS ON HOLLI LUNDAHL

This matter comes before the Court on "Eli Lilly and Company and Cheryl Schrock's Motion to Impose Appropriate Pre-Filing Restrictions on Plaintiff" (Doc. 38). Ms. Lundahl responded to the motion by filing a "Motion to Dismiss Eli Lilly's Motion for Entry of a Pre-Filing Injunction Against Holli Lundahl ..." (Doc. 55). Having considered the motion and Ms. Lundahl's response, and being otherwise fully advised,



Case 3:16-cv-03033-RAL   Document 47-6   Filed 12/23/16   Page 2 of 10 PageID #: 459

Case 2:15-cv-00188-ABJ   Document 2   Filed 12/02/15   Page 4 of 12
Case 2:13-cv-00241-SWS   Document 60   Filed 01/30/14   Page 2 of 10

the Court finds that the motion should be granted and appropriate filing restrictions should be entered against Ms. Lundahl in this Court.

## APPLICABLE LAW

Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances. *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Injunctions restricting further filing are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *See id.* at 353-54.

## ANALYSIS

1.  **Opportunity to be Heard**

Ms. Lundahl has already had the opportunity to be heard on the issue of filing restrictions. Ms. Lundahl responded to the motion for filing restrictions by filing a "Motion to Dismiss Eli Lilly's Motion for Entry of a Pre-Filing Injunction Against Holli Lundahl ..." (Doc. 55). There, she argued this Court does not have authority to enter filing restrictions against her. As stated above, though, federal courts possess inherent authority to regulate the filings of abusive litigants by imposing appropriate restrictions. *Tripati*, 878 F.2d at 352 ("A district court has power under 28 U.S.C. § 1651(a) to enjoin

Case 3:16-cv-03033-RAL Document 47-6 Filed 12/23/16 Page 3 of 10 PageID #: 460

Case 2:15-cv-00188-ABJ Document 2 Filed 12/02/15 Page 5 of 12
Case 2:13-cv-00241-SWS Document 60 Filed 01/30/14 Page 3 of 10

litigants who abuse the court system by harassing their opponents."). Thus, Ms. Lundahl has received notice and the opportunity to oppose the Court's order before it is instituted. *See Tripati*, 878 F.2d at 354.

2. **Lengthy and Abusive Filing History**

Plaintiff Holli Lundahl has a lengthy history of filing abusive, vexatious, frivolous actions and pleadings, both in this Court and in other state and federal courts. For example, in 2003, the Utah Supreme Court noted Ms. Lundahl filed 19 appeals, for writ petitions, two petitions for certiorari, and two petitions for interlocutory appeal before that court, all in approximately four years. *Lundahl v. Quinn*, 67 P.3d 1000, 1001 (Utah 2003). That court found her filings were "routinely frivolous" and "with the apparent purpose, or at least effect, of harassment; not only of opposing parties, but of the judicial machinery itself." *Id.* at 2002. The Utah Supreme Court imposed filing restrictions against Ms. Lundahl.

A non-exhaustive list of additional courts that have imposed filing restrictions against Ms. Lundahl includes:

1. The Ninth Circuit Court of Appeals, *In re Lundahl*, No. 97-80258 (9th Cir. Jul. 17, 1997);

2. The United States District Court for the District of Utah, *In re Lundahl* (D.Utah July 8, 2004) (general order imposing filing restrictions);

Case 3:16-cv-03033-RAL   Document 47-6   Filed 12/23/16   Page 4 of 10 PageID #: 461

Case 2:15-cv-00188-ABJ   Document 2   Filed 12/02/15   Page 6 of 12
Case 2:13-cv-00241-SWS   Document 60   Filed 01/30/14   Page 4 of 10

3. The United States Supreme Court, *Lundahl v. Eli Lilly & Co.*, 73 USLW 3631, 2005 WL 461288 (Apr. 25, 2005);

4. The Tenth Circuit Court of Appeals, *Johnson v. Stock*, No. 03-4219, 2005 WL 1349963 (10th Cir. June 8, 2005);

5. The United States District Court for the Western District of Texas, *Lundahl v. Hawkins*, 2009 WL 3617518 (W.D.Tex. Oct. 27, 2009), aff'd, 407 Fed.Appx. 777 (5th Cir. 2011); and

6. The United States District Court for the District of Idaho, *Lundahl v. Nar Inc.*, 434 F.Supp.2d 855 (D.Idaho May 24, 2006).

Ms. Lundahl worked hard to earn these previous filing restrictions. Her litigation tactics have been "abusive, harmful, and intended to harass and annoy both the parties she names in her lawsuits and the entire judicial system she purports to invoke." *Lundahl v. Nar Inc.*, 434 F.Supp.2d 855, 859 (D. Idaho May 24, 2006). Ms. Lundahl's lawsuits are often blatant attempts to relitigate previously unsuccessful claims in new forums. *See id.* at 856. Her abusive litigation is extensive. A United States District Judge for the Southern District of Texas described Ms. Lundahl's litigation history:

> A review of the U.S. Party and Case Index reveals that [Ms. Lundahl] has filed more than sixty pro se lawsuits in the federal courts of California, Utah, Nevada, Montana, Texas, and Idaho, and over eighty appeals in the federal appellate courts of those states.

Case 3:16-cv-03033-RAL Document 47-6 Filed 12/23/16 Page 5 of 10 PageID #: 462

Case 2:15-cv-00188-ABJ Document 2 Filed 12/02/15 Page 7 of 12
Case 2:13-cv-00241-SWS Document 60 Filed 01/30/14 Page 5 of 10

Civil Action No. H–08–3786, Order of Dismissal (S.D.Tex. Jan. 14, 2009) (citations omitted). Those numbers have only increased substantially over the last five years.

Additionally, Ms. Lundahl has waged a 22-year litigation campaign against Defendant Eli Lilly & Company. Between 1991 and 1992 alone, Ms. Lundahl filed more than 85 cases against Eli Lilly in California state courts. (*See* Doc. 39-1 at Ex. 16.) Then, between 1994 and 2004, Ms. Lundahl filed at least 38 more cases against Eli Lilly in the District of Utah, the Ninth Circuit, and the Tenth Circuit. (*Id.*) Unfortunately, Eli Lilly is not the only victim of Ms. Lundahl's deplorable antics. As of 2004, Ms. Lundahl had filed at least 140 cases that did not involve Eli Lilly in California federal court, Utah federal court, Utah bankruptcy court, the Ninth Circuit, the Tenth Circuit, and Utah state courts. (*Id.*) Again, that number has only grown in the following years. (*See* Doc. 39-1 at Ex. 18 (showing at least 40 cases filed by Ms. Lundahl since 2005, including at least nine against Eli Lilly).)

Moreover, Ms. Lundahl has demonstrated the same abusive and vexatious practice in this Court. For example, when the Court dismissed the instant case (at Ms. Lundahl's behest), it ordered the parties not to file any additional documents other than (1) a motion for filing restrictions, (2) a response to the motion, and (3) a notice of appeal (Doc. 40). Ignoring that order, Ms. Lundahl filed a "Rule 60(b)(4) Motion" (which, with its 56 attached exhibits, is nearly 300 pages long) asking this Court to overrule the Tenth

Case 3:16-cv-03033-RAL   Document 47-6   Filed 12/23/16   Page 6 of 10 PageID #: 463

Case 2:15-cv-00188-ABJ   Document 2   Filed 12/02/15   Page 8 of 12
Case 2:13-cv-00241-SWS   Document 60   Filed 01/30/14   Page 6 of 10

Circuit's pre-filing restrictions (Doc. 52). Further, besides this case, there are at least four other cases initiated by Ms. Lundahl currently pending in Wyoming's federal and state courts.

Ms. Lundahl's pleadings in the present action, along with her other cases in this Court, are replete with implausible, bizarre, and exasperating assertions. Her legal claims in this case are virtually all meritless, having been denied or dismissed in various other courts on a number of occasions. If there is a viable argument lurking within one of her pleadings, it is lost in Ms. Lundahl's spiteful and domineering litigation practices. Her vexatious litigiousness has resulted in an immense waste of resources for all involved.

3.   **Filing Restrictions are Hereby Imposed**

Ms. Lundahl has repeatedly abused the judicial process. Consequently, the Court finds reasonable and appropriate filing restrictions are necessary to regulate her harassing, vexatious use of the judicial system in the District of Wyoming. Therefore,

IT IS HEREBY ORDERED that Holli Lundahl (and all of her aliases, including "Holli Telford"[1]) is hereby ENJOINED from proceeding as a plaintiff or petitioner in any civil matter in the United States District Court for the District of Wyoming unless she

---

[1] *See Lundahl v. Zimmer*, 296 F.3d 936, 937 (10th Cir. 2002) (noting Ms. Lundahl filed a suit in the District of Utah under the name of Holli Telford); *see also Lundahl v. Nar Inc.*, 434 F.Supp.2d 855, 860 n.2 (D.Idaho May 24, 2006) ("Plaintiff has employed numerous aliases in her past litigation including, but not limited to, H.M. Telford, M.H. Telford, Marti Telford, Holli Lundahl, H. Lundahl, H.T. Lundahl, Marti Lundahl, and Holly Mattie Telford.") This Order shall apply to Ms. Lundahl even if she improperly proceeds under an alias.

Case 3:16-cv-03033-RAL   Document 47-6   Filed 12/23/16   Page 7 of 10 PageID #: 464

Case 2:15-cv-00188-ABJ   Document 2   Filed 12/02/15   Page 9 of 12
Case 2:13-cv-00241-SWS   Document 60   Filed 01/30/14   Page 7 of 10

is represented by a licensed attorney admitted to practice law in Wyoming, or unless Ms. Lundahl first obtains permission to proceed *pro se*.

IT IS FURTHER ORDERED that, to obtain permission to proceed *pro se* in such an action, Ms. Lundahl must take the following steps:

(1)  File a petition with the clerk of this court requesting leave to file a *pro se* lawsuit; and

(2)  Include in the petition all of the following information:

(A)  A list of all lawsuits currently pending in this and any other court, state or federal, in which Ms. Lundahl is in any way involved. This list must include the case name, case number, and legal citation (if any) of each case, along with the current status or disposition of those proceedings; and

(B)  A list apprising this Court of all outstanding injunctions or orders limiting Ms. Lundahl's access to any federal court, including orders or injunctions requiring Ms. Lundahl to seek permission before filing *pro se* or requiring her to be represented by a licensed attorney. This list must include the case name, case number, and legal citation (if any) of each such order or injunction; and

Case 3:16-cv-03033-RAL   Document 47-6   Filed 12/23/16   Page 8 of 10 PageID #: 465

Case 2:15-cv-00188-ABJ   Document 2   Filed 12/02/15   Page 10 of 12
Case 2:13-cv-00241-SWS   Document 60   Filed 01/30/14   Page 8 of 10

 (C) The current street address of every person or entity to be named as a party in the proposed lawsuit; and

(3) Along with the petition for leave to file a *pro se* lawsuit, file with the clerk of this court a notarized affidavit in proper legal form which recites the issues Ms. Lundahl seeks to present, including a brief discussion of the legal basis asserted therefor. Additionally, in the notarized affidavit, Ms. Lundahl must certify to the best of her knowledge the following:

 (A) That the legal arguments being raised are not frivolous or made in bad faith; and

 (B) That the legal arguments being raised are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and

 (C) That the claims Ms. Lundahl wishes to present have never been fully adjudicated by any federal or state court and, thus, are not barred by res judicata, collateral estoppel, or other similar legal defense; and

 (D) That the proposed lawsuit is not interposed for any improper purpose, such as delay or to needlessly increase the cost of litigation or to avoid the valid execution of a judgment; and

Case 3:16-cv-03033-RAL   Document 47-6   Filed 12/23/16   Page 9 of 10 PageID #: 466

Case 2:15-cv-00188-ABJ   Document 2   Filed 12/02/15   Page 11 of 12
Case 2:13-cv-00241-SWS   Document 60   Filed 01/30/14   Page 9 of 10

(E) That Ms. Lundahl will represent only her interests in the lawsuit and will not attempt to represent the interests of others; and

(F) That Ms. Lundahl will comply with all applicable court rules and local rules throughout the proceedings.

IT IS FURTHER ORDERED that when seeking leave to file a *pro se* lawsuit in this Court, Ms. Lundahl may not file any document other than the two pleadings required above (i.e., the petition for leave to file a *pro se* lawsuit and the notarized affidavit).

IT IS FURTHER ORDERED that these two documents shall be submitted to the clerk of this court who shall forward to them to the assigned district judge of the District of Wyoming. The district judge shall review the two documents to determine whether to permit Ms. Lundahl to file the *pro se* complaint or petition. If the district judge approves the submission, an order will be entered allowing Ms. Lundahl to file a *pro se* complaint or petition in accordance with the Federal Rules of Civil Procedure and local court rules.

IT IS FURTHER ORDERED that if the district judge disapproves of Ms. Lundahl's proposed *pro se* lawsuit, her petition to file the *pro se* complaint or petition will be denied by court order, the *pro se* lawsuit will not be permitted to be filed, and the case will be closed.

IT IS FURTHER ORDERED that if Ms. Lundahl submits a *pro se* complaint or petition to the clerk of court for filing without first complying with these requirements,

Case 3:16-cv-03033-RAL Document 47-6 Filed 12/23/16 Page 10 of 10 PageID #: 467

Case 2:15-cv-00188-ABJ Document 2 Filed 12/02/15 Page 12 of 12
Case 2:13-cv-00241-SWS Document 60 Filed 01/30/14 Page 10 of 10

the complaint or petition will be summarily dismissed by the Court and Ms. Lundahl may be subject to sanctions for contempt of court.

IT IS FINALLY ORDERED that these filing restrictions are only applicable to all future lawsuits Ms. Lundahl intends to file in the United States District Court for the District of Wyoming.

DATED this 29th day of January, 2014.

Scott W. Skavdahl
United States District Judge