UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| HOLLIE TELFORD, AND BRENDA BURTON, <br><br> Plaintiffs, <br><br> vs. <br><br> DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, ALAN B. JOHNSON, NENA JAMES, IN HER INDIVIDUAL OFFICIAL OFFICIAL CAPACITY; JENNFIER TIDWELL, IN HER INDIVIDUAL OFFICIAL AND PERSONAL CAPACITIES; ROCK SPRINGS HOUSING AUTHORITY, APRIL THOMPSON, GLOBAL E. LLC, ANN CLAYTON, JUDY CIRRILLO, DOES 1-10, CENTURYLINK, HOLLIE PORTILLO, O'KELLEY H. PEARSON, LAW OFFICE HICKEY AND EVANS LLP, THOMAS DEERING, IN HIS INDIVIDUAL AND OFFICIAL OFFICIAL CAPACITY; UNITED STATE OF AMERICA, DONALD THATCHER, EVA TAFOYA, HUD, <br><br> Defendants. | 3:16-CV-03033-RAL <br><br><br> OPINION AND ORDER GRANTING MOTIONS TO DISMISS AND DENYING CERTAIN OTHER MOTIONS |

Plaintiffs Brenda Burton (Burton) and Hollie Telford (Telford) through a Second Amended Complaint make various claims against multiple defendants relating to eviction from a trailer home park in Green River, Wyoming; relating to litigation concerning the eviction in Wyoming state and federal court; relating to alleged deprivation of certain telecommunication services in Wyoming; and relating to communication with the United States Department of

1

Housing and Urban Development (HUD) and at least one of its employees regarding their Wyoming housing situation. Various defendants who have been served filed motions to dismiss. There are other pending motions as well. For the reasons explained herein, the motions to dismiss are granted because venue is inappropriate in the District of South Dakota, there is an absence of personal jurisdiction over many of the Defendants, several of the Defendants have judicial immunity from suit, and claims against HUD, United States, and the HUD employee are otherwise subject to dismissal. The other pending motions all can be denied under the circumstances.

I.  **Summary of Facts Pertinent to Motions to Dismiss**

On August 8, 2016, Glen Ambort (Ambort) filed this civil action against some of the named defendants. Doc. 1. Ambort purported to be "an assignee trustee for disabled beneficiaries Marti Lundahl and Hollie Telford." Doc. 1 at ¶ 2. The Complaint related to an eviction action from a mobile home park in Wyoming of Marti Lundahl (Lundahl) and Telford, who in the Complaint also was referred to as "Hollie Lundahl Telford." Doc. 1 at ¶¶ 6–18.

As this Court explained in a prior opinion and order, Doc. 9, this Court had screened the original Complaint and prepared an order, but before that order was filed, a First Amended Complaint with Ambort, Telford, and Lundahl as plaintiffs and with additional defendants and claims was filed. Doc. 5; see Doc. 9. Because the Plaintiffs were proceeding pro se and seeking in forma pauperis status, this Court screened the First Amended Complaint under 28 U.S.C. § 1915(e)(2)(B). Doc. 9. This Court observed that Ambort's purported bringing of a Complaint alleging that he was "assignee trustee" and that he was "an aggrieved person . . . even if he is not a tenant . . . because he aided Plaintiffs Hollie [Telford] and Marti [Lundahl] in seeking protection of their rights," Doc. 5, seemed to run afoul of the principle that a non-lawyer may not

represent another, except in the most limited circumstances. Doc. 9; see Jones v. Corr. Med. Servs., Inc. 401 F.3d 950, 952 (8th Cir. 2005) (non-lawyer probate estate administer may not bring cause of action under 42 U.S.C. § 1983 for deceased); Steele v. City of Bemidji, 257 F.3d 902, 905 (8th Cir. 2001) (non-lawyer may not represent business); Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) (non-lawyer trustee may not represent trust); Restatement (Third) of the Law Governing Lawyers § 4 cmt. d (2000) ("In general, however, a person appearing pro se cannot represent any other person or entity, no matter how close the degree of kindship, ownership, or other relationship.")

This Court in its order screening the First Amended Complaint noted that there was an apparent issue with venue. This Court stated:

> 28 U.S.C. § 1391(b) [prescribes] the proper venue in which civil actions may be brought. As applicable to this case, a plaintiff may bring a civil action in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events . . . giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)–(2). Under § 1391(b)(1), Plaintiffs have sued individuals that purportedly reside in Wyoming and Nebraska, although Plaintiffs have alleged that the Department of Housing and Urban Development and a newly added Defendant, CenturyLink, reside in South Dakota. Docs. 1, 5. Under § 1391(b)(2) and based on the allegations of the First Amended Complaint, a "substantial part of the events" in this case occurred in Wyoming, not South Dakota. Doc. 5 at 2–6. Plaintiffs' First Amended Complaint currently does not allege facts to establish proper venue under either subdivision of § 1391(b) within the District of South Dakota.
>
> When venue is improper, a court can transfer the case to the district in which the plaintiff originally could have filed. 28 U.S.C. § 1404(a). This case appears as if it should be transferred to the District of Wyoming, and it is highly unlikely that any amended complaint would change that likely outcome. Transfer of course may be moot if nothing is filed before September 8, 2016, and the case is dismissed without prejudice.

Doc. 9.

Plaintiffs Burton and Telford then filed a Second Amended Complaint, Doc. 11; the original Plaintiff Ambort no longer is a party. The Second Amended Complaint is lengthy, but

3

centers on the same core circumstances—the eviction of Telford and Lundahl from a trailer park in Green River, Wyoming; legal action relating to the eviction that occurred in Wyoming state and federal court; dissatisfaction with actions of HUD and an HUD employee; and issues about discontinuation of certain telecommunications services in Wyoming. The major change from the First Amended Complaint to the Second Amended Complaint to make the District of South Dakota seem to be a more apt venue is the addition of Burton as a Plaintiff, an allegation that Burton is a resident of South Dakota representing her own interests and injuries, and a contention that Burton owned the Wyoming mobile home at issue and had involvement with HUD. Plaintiffs served a number of Defendants with the Second Amended Complaint, although apparently not all Defendants. Docs. 27–35, Doc. 57.

Plaintiffs filed a "Verified Emergency Petition for Preliminary Injunction," Doc. 66, and a "Second Emergency Motion to Execute a Preliminary Injunction," Doc. 70. This Court determined that the Plaintiffs had not shown a likelihood of success on the merits and expressed continued skepticism of the propriety of this Court's interjecting itself into a Wyoming state eviction action or how jurisdiction rested somehow in the District of South Dakota to collaterally review Plaintiffs' disputes relating to housing issues in Wyoming. Doc. 73. Accordingly, this Court denied those motions in January of 2017. On January 23, 2017, Plaintiffs filed a Notice of Appeal of the interlocutory order denying the request for injunction. Because the Notice of Appeal is from a denial of an injunction, this Court is not divested of jurisdiction to rule on the remaining motions. See West Publ'g Co. v. Mead Data Cent., Inc., 799 F.2d 1219, 1229 (8th Cir. 1986) ("[T]he pendency of an interlocutory appeal from an order granting or denying a preliminary injunction does not wholly divest the District Court of jurisdiction over the entire case.").

The Defendants named in the Second Amended Complaint break into several groupings for purposes of both the alleged conduct and how they are represented. In setting forth the facts, this Court uses those groupings to describe the allegations and the grounds for the motions to dismiss. The first filed motion to dismiss is from Defendants Nena James and Thomas Deering, both of whom are Wyoming judicial officials. Doc. 45; see Doc. 11. The Second Amended Complaint recognizes that Judge James and Judge Deering are judicial officials in the state of Wyoming and indeed names them in the caption in their official capacities. Doc. 11 at ¶¶ 10. Judge James and Judge Deering have presided over eviction-related legal claims involving the residence of Telford and Lundahl, which the Second Amended Complaint alleges to have been owned by Burton. The Second Amended Complaint accuses Judge James and Judge Deering of "permiting [sic] the enforcement of [an] eviction judgment . . . ." Doc. 11 at ¶ 93. The Second Amended Complaint alleges that Judge Deering denied a motion for sanctions filed by Telford and that Judge Deering knew that Telford had some evidence in support of a racketeering case against two defendants. Doc. 11 at ¶ 79. Among other things, the Plaintiffs want this Court to enjoin Judge James and Judge Deering from acting in the Wyoming eviction case. Doc. 11 at ¶ 93. Judge James and Judge Deering argue for dismissal under Rule 12(b)(6) for failure to state a claim, invoking judicial immunity generally and under the Federal Courts Improvement Act of 1996. Doc. 45.

The next group of Defendants to file a motion to dismiss include Global E, LLC, a/k/a Pioneer Park (Global E), Ann Clayton, and Judy Cirrillo. Doc. 47. The Second Amended Complaint recognizes that Cirrillo and Clayton are residents of the state of Wyoming and contends that Global E is a resident of Colorado. Doc. 11 at ¶¶ 11–12. Global E is the owner of the mobile home park in Green River, Wyoming, where the mobile home at issue was located.

Doc. 11 at ¶ 16. Clayton and Cirrillo have worked with Global E. Doc. 11 at ¶ 22. Global E entered into a lease agreement for the site at issue of 935 Wilderness Trail, Green River, Wyoming, with Kimberly Vogt and Marti Lundahl. Doc. 11-5. Global E was a plaintiff in an action in Sweetwater County, Green River, Wyoming against Telford and Lundahl. Doc. 11-6. Defendants Global E, Clayton, and Cirrillo seek dismissal based on improper venue under Federal Rules of Civil Procedure Rule 12(b)(2), a lack of personal jurisdiction over them under Rule 12(b)(2), and insufficiency of service. These Defendants, together with other Defendants, have alerted this Court that Telford has a lengthy history of litigation abuses and frivolous, harmful, and vexatious litigation, and therefore seek attorney's fees and costs as well. Doc. 47.

Indeed, the United States District Court for the District of Wyoming has detailed orders entered by the United States Court of Appeals for the Ninth Circuit, the United States District Court for the District of Utah, the United States Supreme Court, the United States Court of Appeals for the Tenth Circuit, the United States District Court for the Western District of Texas, and the United States District Court for the District of Idaho, which have all imposed restrictions on Telford's filings due to her "routinely frivolous" filings. Doc. 47-6. The District of Wyoming itself has imposed a filing restriction on Telford, which would make transfer of this case to the District of Wyoming inapt. Lundahl v. Eli Lilly & Co., No. 13-CV-241-SWS, 2014 WL 347157 (D. Wyo. Jan. 30, 2014). That order enjoins Telford "from proceeding as a plaintiff or petitioner in any civil matter in the United States District Court for the District of Wyoming unless she is represented by a licensed attorney admitted to practice law in Wyoming or unless [she] first obtains permission to proceed *pro se*," and then describes what Telford must submit in order to receive such permission. Id. Telford's bar in the District of Wyoming explains much

6

about why Plaintiffs seek to bring this case involving Wyoming housing issues and Wyoming defendants in the District of South Dakota instead.

The third group of Defendants to file a motion to dismiss is CenturyLink Public Communications, Inc. (Public Communications). Plaintiffs allege that CenturyLink conspired to deprive them of telecommunication service in Wyoming. Public Communications moves to dismiss based on improper venue and lack of subject matter jurisdiction. Despite being alleged in the Second Amended Complaint to be a South Dakota citizen, Public Communications submitted information that it does not conduct business in South Dakota at all and instead is a Florida domestic corporation generating its money from pay telephone leases. Doc. 52 at 8.

The final group of Defendants to file a motion to dismiss include the United States, HUD, HUD employee Eva Tafoya, and a United States District Court Judge for the District of Wyoming, Alan B. Johnson. Doc. 91, Doc. 92. These Defendants argue that South Dakota is not the proper venue for the claims, that claims against Judge Johnson are subject to dismissal based on judicial immunity, that there is an absence of personal jurisdiction over Tafoya, that the Plaintiffs lack standing to assert claims against HUD, and that the Plaintiffs did not exhaust their administrative remedies. Doc. 92. The claims against the United States, Tafoya, and HUD all relate to issues concerning the housing in Wyoming. Meanwhile, Judge Johnson apparently remanded to state court an effort of Telford and others to have the District of Wyoming federal court intervene in the state court eviction proceedings and related matters. Doc. 11.

The federal government Defendants also submitted information in the record casting doubt on whether Burton ever was a resident of South Dakota, notwithstanding the allegations in the Second Amended Complaint. Doc. 93, Doc. 94. This Court previously questioned Burton's status as a South Dakota resident. Burton originally listed in filed pleadings an address in Rapid

7

City, South Dakota, which did not exist, although there was a condemned home on a residence that was close to the address listed. Burton's contention of being a South Dakota resident came close in time to when she testified separately in Nebraska that she was a Nebraska resident. Burton's recent contention of being a South Dakota resident lists an address assigned in Fall River County, on which Plaintiffs contend Burton once parked a mobile home that she had registered in South Dakota. The attorney representing the federal Defendants investigated; found that the address in Fall River County had been assigned, but belonged to an entity other than Burton; and had no mobile home or structure of any nature on it when a special agent of the South Dakota Department of Criminal Investigation (DCI) visited the site. Doc. 93. Among various other motions to extend time to respond to the various motions to dismiss, Doc. 103, Doc. 108, Doc. 111, Doc. 119, Doc. 123, Plaintiffs have filed recently a motion to amend the Second Amended Complaint to add additional claims and parties, now seeking to include in the lawsuit not only claims relating to their Wyoming housing situation and eviction proceedings there, but also claims that the attorney representing the federal Defendants interfered with Burton's residency rights in South Dakota and attempted to strip Plaintiffs of residency rights through mailing documents to the address that were later returned and having a DCI agent view the claimed residence. Both Burton and Telford now are listing their residence as 885 U.S. Highway 385, Oelrichs, South Dakota, when they sign pleadings, which is the same address that the DCI agent found to be a vacant lot. See Doc. 126, Doc. 93.

## II. Discussion

There are multiple reasons to justify dismissing the Second Amended Complaint as against all Defendants. Improper venue is the most obvious reason and the one that relates to all of the Defendants, both those served and those who appear not to have been properly served.

8

This Opinion and Order thus starts with discussing improper venue and then addresses some of the other reasons that justify dismissal as to various Defendants.

### A. Dismissal For Improper Venue

The general venue statute, 28 U.S.C. § 1391(b), states that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper . . . ." Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex., 134 S. Ct. 568, 577 (2013). A case not filed in the proper venue can be dismissed under Federal Rules of Civil Procedure Rule 12(b)(3). See Heldt v. Payday Financial, LLC, 12 F. Supp. 3d 1170, 1177 (D.S.D. 2014) (stating that a Rule 12(b)(3) motion may be used to dismiss a case when venue was "wrong" or "improper" where filed). "One of the central purposes of statutory venue is to ensure that a defendant is not haled into a remote district having no real relationship to the dispute." Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995) (quotation removed).

The first avenue for venue is § 1391(b)(1), which states that venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). None of the individual defendants are residents of

9

South Dakota. Judge Johnson, Judge James, Judge Deering and Ann Clayton are Wyoming residents. Eva Tafoya is a Colorado resident. Even the corporate entities are not found in South Dakota, as Global E is a Colorado entity with no business in South Dakota and Public Communications is a Florida entity with no business in South Dakota. Setting aside the United States and HUD for now, none of the Defendants—let alone "all defendants" as required by § 1391(b)(1)—are South Dakota residents.

The second avenue for venue is § 1391(b)(2), which makes venue proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Venue may be proper under this subsection in any district where a "substantial part of the events or omissions giving rise to the claim occurred." Woodke, 70 F.3d at 985 (quoting 28 U.S.C. § 1391(b)(2). The "events or omissions giving rise to the claim" occurred in Wyoming. The Second Amended Complaint contains claims relating to Plaintiffs' housing issues at a trailer park in Green River, Wyoming. Wyoming is where the eviction action was commenced that is challenged in the Second Amended Complaint. Wyoming is where the three judges considered aspects of the disputes involving Telford and the trailer allegedly owned by Burton under the lease with Global E. Wyoming is the state in which HUD benefits were sought and not provided in the way Plaintiffs wanted. Wyoming is where Public Communications was providing or not providing the telecommunication service at issue. There is utterly nothing about the core dispute in this case that involved South Dakota. The Plaintiffs do not establish proper venue in South Dakota by registering a trailer in South Dakota, moving the trailer onto South Dakota property, photographing it, and dressing up the complaint with references to South Dakota. Nor do the Plaintiffs get to venue a case in South Dakota by now seeking to amend to add contentions that

counsel for the federal Defendants wronged the Plaintiffs by investigating the veracity of Burton's claim to be a South Dakota resident.

The last avenue for venue is § 1391(b)(3), which states "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Under the plain language of this subsection, this subsection only applies if there is no district in which venue would be proper. See Everest Indemnity Ins. Co., 200 F. Supp. 3d 825, 834 n.5 (D. Minn. 2016); Arkansas-Missouri Forest Prods., LLC v. Lerner, No. 4:15-cv-00771-SRB, 2016 WL 756503, at *4 (W.D. Mo. Feb. 25, 2016). There exists a district in which the action, if there were a plausible cause of action here, could have been brought; the District of Wyoming is certainly where "a substantial part of the events or omission giving rise to the claim occurred" under § 1391(b)(2). Telford, due to her history of frivolous litigation, is barred from filing in the District of Wyoming unless she satisfies certain preconditions, such as either having hired a licensed attorney or satisfied some extensive pre-screening conditions. Lundahl, 2014 WL 347157, at *3. The filing of this case in the District of South Dakota and the gymnastics concerning Plaintiffs' residency in the District of South Dakota are designed as an end-run around the order in the District of Wyoming. The use of Ambort as the initial Plaintiff in this case and the subsequent inclusion of Burton as an additional Plaintiff in this case, even though neither were involved in the eviction action, do not change the fact that proper venue is in Wyoming. It suffices to say that no provision of § 1391(b) is satisfied, and the claims against all non-federal defendants can be dismissed for improper venue.

Analyzing proper venue in a case against federal government defendants is slightly different. 28 U.S.C. § 1391(e)(1) provides that an action where a defendant is an officer or

employee of the United States can be brought "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subjection of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." For the reasons discussed above, the requirements of § 1391(e)(1)(A) and (B) are not met. Section 1391(e)(1)(C) may be met, if the plaintiff resides in South Dakota and no real property is involved in the action. This Court is tempted to conduct an evidentiary hearing on whether Burton and Telford actually reside in South Dakota, and to hold them in contempt of court if in fact Burton is, as she recently testified in a Nebraska case, a resident of Nebraska and not South Dakota, and if the listing of the fallacious address in Rapid City and the vacant lot in Oelrichs, South Dakota, all is a part of fraud on the court. However, this Court can dismiss the claims against the federal Defendants on grounds other than venue here instead.

**B. Dismissal For Lack of Personal Jurisdiction**

Most of the Defendants who have been served seek dismissal for lack of personal jurisdiction. When, as here, a "court limits its review of a Rule 12(b)(2) motion solely to affidavits and other written evidence, the plaintiff 'need only make a prima facie showing of [personal] jurisdiction.'" Hylland v. Flaum, No. 16-CV-4060-RAL, 2016 WL 6901267, at *2 (D.S.D. Nov. 22, 2016) (quoting Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991)) (alteration in original). "Although the evidentiary showing required at the prima facie stage is minimal, the showing must be tested, not by the pleadings alone, but by the affidavits and exhibits supporting or opposing the motion." K-V Pharm. Co. v. J. Uriach & CIA, S.A., 648 F.3d 588, 592 (8th Cir. 2011) (internal quotation marks and citations omitted). On such a motion, this Court construes the evidence submitted in the light most favorable to the

12

party asserting jurisdiction and resolves all factual disputes in her favor. Id.; Hylland, 2016 WL 6901267, at *2.

A federal court sitting in diversity may exercise jurisdiction over nonresident defendants only if both the forum state's long-arm statute and the Fourteenth Amendment's Due Process Clause are satisfied. Morris v. Barkbuster, Inc., 923 F.2d 1277, 1280 (8th Cir. 1991). Because South Dakota's long-arm statute confers jurisdiction to the full extent permissible under the Due Process Clause, the question here is whether asserting personal jurisdiction over the named Defendants comports with due process. Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 818 (8th Cir. 1994) (applying South Dakota law).

Personal jurisdiction under the Due Process Clause may be either "general" or "specific." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924–25 (2011). Courts with general jurisdiction over a defendant may hear "any and all claims" against the defendant, even if those claims are unrelated to the defendant's contacts with the forum state. Daimler AG v. Bauman, 134 S. Ct. 746, 754 (2014) (quoting Goodyear, 564 U.S. at 919). With respect to a corporation, its place of incorporation and principal place of business are two places where it typically can be found for personal jurisdictional purposes. Daimler AG, 134 S. Ct. at 760. Otherwise, for general jurisdiction to exist, the defendant's contacts with the forum state must be "so 'continuous and systematic'" that the defendant is "essentially at home" there. Goodyear, 564 U.S. at 919 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 317 (1945)). There is no general jurisdiction over any of the individual or corporate Defendants named in this case. None of the individual Defendants reside in South Dakota, none of the corporate Defendant have offices, employees, or bank accounts in South Dakota, nor manufacture or design any product in South Dakota.

13

Specific jurisdiction, by contrast, may be based on a defendant's solitary or irregular contact with the forum state. Daimler AG, 134 S. Ct. at 754. Unlike general jurisdiction, however, specific jurisdiction is limited to suits arising out of or relating to the defendant's contact with the forum state. Goodyear, 564 U.S. at 919. Courts may exercise specific jurisdiction over an out-of-state defendant if the defendant has "certain minimum contacts" with the forum state such that having to defend a lawsuit there "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co., 326 U.S. at 316 (quotation omitted). These minimum contacts must be based on "some act by which the defendant purposefully avails" himself of the forum state "such that he should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474–75 (1985) (quotations omitted). It is the defendant, rather than the plaintiff or a third party, who must have the minimum contacts in the forum state. Walden v. Fiore, 134 S. Ct. 1115, 1122 (2014). Moreover, the defendant's contacts must be "with the forum State itself, not . . . with persons who reside there." Id.; see also id. at 1123 ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." (quoting Burger King, 471 U.S. at 475)).

Under Eighth Circuit precedent, five factors guide evaluating whether the constitutional requirements for personal jurisdiction have been met: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum [state]; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." Digi-Tel Holdings, Inc. v. Proteq Telecomms,

(PTE), Ltd., 89 F.3d 519, 522–23 (8th Cir. 1996) (footnote omitted). The first three factors are the most important while the last two are secondary. Id. at 523.

There is no specific jurisdiction over any of the individual and corporate Defendants in the state of South Dakota. None of the individual or corporate Defendants have engaged in any act by which they have purposefully availed themselves of South Dakota, such that they could reasonably anticipate being haled into a South Dakota court. Again, it is the defendant, and not the plaintiff, who must have the minimum contacts with South Dakota to justify the assertion of specific jurisdiction in South Dakota. See Walden, 134 S. Ct. at 1122. Moreover, the Defendants' contacts, as the Supreme Court recognized in Walden, must be "with the forum State itself," and not "with persons who reside there" only. Id. at 1122. Whether Plaintiff Burton in fact somehow resides in South Dakota does not thereby trigger specific jurisdiction over the Defendants. The five-factor test under Eighth Circuit precedent confirms that none of the individual or corporate Defendants have sufficient minimum contacts with the state of South Dakota to justify personal jurisdiction here.

The analysis is different with regard to governmental entities, such as HUD and the United States of America. There are additional reasons discussed below why this suit against those federal entities cannot proceed.

**C. Judicial Immunity**

Three of the Defendants named—Judge Johnson, Judge James, and Judge Deering—are judicial officers. Plaintiffs name them "in their individual official capacities" in the caption of the Second Amended Complaint. Doc. 11. Judges are immune from suit for actions taken in their official capacity. Mireles v. Waco, 502 U.S. 9, 12 (1991) (per curiam); Coleman v. Watt, 40 F.3d 255, 259 (8th Cir. 1994). "Few doctrines were more solidly established at common law

than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 554–55 (1967). "A judge is entitled to absolute immunity for all judicial actions that are not 'taken in complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (citing Mereles, 502 U.S. at 11–12). In brief, a judge has absolute immunity if the judge had subject matter jurisdiction and the acts complained of were judicial acts. Childs v. Reynoldson, 777 F.2d 1305, 1306 (8th Cir. 1985) (per curiam). The Second Amended Complaint makes clear that, while Plaintiffs disagree with certain rulings, Judge Johnson, Judge James, and Judge Deering were acting in cases in front of them where jurisdiction would have rested in Wyoming state and federal court. Consequently, they are entitled to absolute immunity for the acts complained of in the Second Amended Complaint. See Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982). For those three Defendants, judicial immunity provides yet another ground for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**D. Dismissal of Claim Against HUD and the United States**

Plaintiffs have failed to exhaust administrative remedies for a claim against HUD and the United States. Plaintiffs, despite attempting to state a Federal Tort Claims Act (FTCA) claim against the United States, have failed to properly present the claim to the appropriate federal agency. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a); 24 C.F.R. § 17.2; McNeil v. United States, 508 U.S. 106 (1993). The making of an administrative claim before filing an FTCA action is a jurisdictional prerequisite that cannot be waived. Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993). As far an administrative appeal of HUD action, to the extent the Second Amended Complaint might be making such a claim, § 810 of the Fair Housing Act and its implementing regulation mandate that a formal complaint be made to HUD. See 42 U.S.C.

16

§ 3610; 24 C.F.R. part 103. HUD then undertakes an investigation and makes an ultimate judgment, which may then be reviewable under the Administrative Procedure Act based on an arbitrary and capricious standard. See, e.g., Little Earth of United Tribes, Inc. v. United States Dep't of Housing & Urban Dev., 878 F.2d 236, 237 (8th Cir. 1989) (per curiam). Plaintiffs have not alleged or shown that they have exhausted any such administrative remedies. Failure to exhaust such an administrative remedy is grounds for dismissal.

### III. Conclusion and Order

For the reasons explained herein, it is hereby

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by Defendants Nena James and Thomas Deering, Doc. 45, is granted. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by Golden E, LLC, a/k/a Pioneer Park, Ann Clayton, and Judy Cirrillo, Doc. 47, is granted. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by CenturyLink Public Communications, Inc., Doc. 51, is granted. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by the federal Defendants, Doc. 91, is granted. It is further

ORDERED that the Motion to Extend, Doc. 103, and the Emergency Motion to Extend Deadlines, Doc. 108, are denied as moot, because this Court considered additional material filed by the Plaintiffs in making this ruling, even though such material was filed after the deadline set by this Court. It is further

ORDERED that Plaintiffs' Cross Motion for Summary Judgment against Judge Johnson, Doc. 109, is denied. It is further

ORDERED that Plaintiffs' Cross Motion for Sanctions against Global E, Doc. 111, Request for Hearing, Doc. 139, and Second Request for Hearing, Doc. 140, are denied. It is further

ORDERED that Plaintiffs' Motion to Extend Deadline, Doc. 119, and Second Motion to Extend Deadline, Doc. 123, and in turn Public Communications' Motion to Strike, Doc. 134, are denied as moot as this Court considered material filed late by the Plaintiffs. It is finally

ORDERED that Plaintiffs' Motion to Amend Second Amended Complaint, Doc. 126, is denied because the same grounds for dismissal would remain and because certain individuals did nothing actionable or tortious against Plaintiffs by investigating whether Plaintiffs in fact were residents of South Dakota, so allowing such an amendment of the Complaint would be frivolous and result in dismissal of any third amended complaint as proposed by Plaintiffs.

DATED this 1st day of May, 2017.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE